WHITE vs. HAND et al.

1. The verdict is supported by the evidence.
(a) One of the parties to a contract cannot rescind it without the consent of the other, except for the non-performance of his covenants. In this case, the defendant substantially complied with his contract.
2. If it be true that the court omitted to give in charge an appropriate and pertinent principle of law, the party complaining should have called his attention to the omission, and then, if he refused to give it, there would have been ground for alleging error. But such an omission does not appear to have been made, from a consideration of that portion of the charge brought up in the record.
3. There is no error specially alleged in the charges excepted to in the fourth and fifth grounds of the motion, and they are unobjectionable.

October 13, 1885.

New Trial. Charge of Court. Contracts. Rescission. Before Judge BROWN. Lumpkin Superior Court. April Term, 1885.

To the report contained in the decision, it is only necessary to add the following:

Mrs. Mary E. White filed her bill against N. H. Hand et al. to obtain a rescission of a sale of certain lands sold by Hand to her husband, who was her agent, and to enjoin a sale of such land for the unpaid balance of the purchase money, part of it having been paid. It was alleged that Hand had failed to perform his covenants; that neither she nor her agent had ever been in possession, but that Hand had, at all times, exercised control, and that he had committed divers acts of waste thereon by entering and cutting ditches to put down new pipes for conveying water to mineral lands owned by him and others.

Hand denied any violation of his covenants or any acts of waste. He alleged that the land sold was valuable only for mining purposes; that it could not have been mined without the use of water from the pipe; that the laying of new pipe increased the water facilities and added to the value of the lot for mining; and that the water supply was a leading inducement to the purchase. He offered to specifically perform the contract.

The jury found that, on payment of the balance of the purchase money within forty days, Hand should make a deed to the complainant; and that, in default of this, the land should be sold, Hand's claim paid and the balance paid to the complainant. She moved for a new trial on the following grounds:

(1), (2.) The verdict is contrary to law and the evidence.

(3.) The court erred in failing to charge the jury that if they believed from the evidence that the defendant, N. H. Hand, had forfeited his contract with the complainant, then the jury would be authorized to decree that said Hand should pay back to complainant the money paid on the contract.

(4.) The court erred in charging the jury as follows: "If there was a certain specified size of pipe mentioned in the contract—that is, if the contract specified the size that the pipe should be, of course, then Mr. Hand would not have the right to increase the size of the pipes; but if nothing at all about the size of the pipes was specified in the contract, then they had a right to put in a new pipe of the same size, or a little larger size, and that would not amount to a forfeiture of the contract; and if there was nothing in the contract about the pipes, but White knew of the pipe line being there, and bought with that knowledge, and recognized Hand's right to keep it there, then any little increase in the size of the pipes, which did not affect the property, would not amount to a forfeiture of the contract."

(5.) The court erred in charging the jury as follows

"Now, the court charges you that, if Mrs. White, the complainant in this bill, furnished her husband, G. W. White, with money, and sent him down here to purchase property either with her money or with that he brought with him, or an additional amount that he paid afterwards for her, that made her husband her agent; and if he came down here and made the contract, although he might make the contract in his own name, if it was her money, he was acting as her agent, and it would, in fact, be her contract, and what he did would bind her in any matter within the scope of his authority; and if he came here and purchased this property and paid $500.00 down, and agreed to pay the balance within thirty days, with the understanding that the $500.00 was to be forfeited if the balance was not paid within thirty days, and if the balance was not paid within thirty days, then Mr. Hand had a right to refuse to make a deed at all and to keep the $500.00. But if he afterwards did receive more of the money—if he afterwards received $1,000—then the contract would stand good. They could no longer treat the $500.00 as forfeited, but would be bound to make a title to the land upon the payment of the balance of the purchase money. And if Mr. White bought this property on his own account, and Mrs. White afterwards assumed the payment of the money and agreed to hold the trade as hers and paid $1,000 on the contract, she could not sue for and recover back the amount so paid, provided Hand complied with his part of the contract."

The motion was overruled, and the complainant excepted.

WIER BOYD; M. G. BOYD, for plaintiff in error.

W. P. PRICE, for defendants.

HALL, Justice.

The object of this suit is to rescind a contract for the sale of the mineral lands mentioned in the bill, by the de-

fendant, Hand, to George W. White, the husband and agent of complainant, and to recover the sum of $1,500 which she paid on account of the sale. By the terms of the agreement, the first payment of $300, made at the execution of the agreement, was to be forfeited, unless $2,500, the remainder of the purchase price agreed on, was promptly met at the time when it fell due. Then for the first time it was disclosed to Hand that White was acting as agent for the complainant, and that the money advanced did not belong to him, but to his wife, who recognized the agency of White, adopted his contract and expressed her willingness to carry it into execution; she paid ,at that time $1,000, leaving a balance of $1,500 to be provided for at a day mentioned between the parties, and Hand executed a deed as an escrow and delivered it to a third party to be turned over to her when the remaining $1,500 was paid. This engagement was not met, and the deed was never delivered to her. By subsequent negotiations between the parties the time for the payment of this balance was again extended This latter agreement was not complied with, and the amount was not paid. The complainant had never undertaken in writing to assume her husband's obligation. Hand brought suit against the husband and recovered a judgment for the balance due on the contract, and then filed and had recorded a deed to White for the lands sold, and proceeded to levy thereon an execution issuing from the judgment thus obtained, when the complainant filed her bill for the purpose of arresting the levy and restraining the sale thereunder; that the land might be held up to answer any decree she might obtain for the money advanced and paid by her, upon the rescision of the contract. She insisted that she was entitled to this decree, because Hand had failed to perform his covenants; that neither she nor her agent had ever been in possession of the lot; that Hand had all the time exercised control over them; that he had committed divers acts of waste thereon by opening ditches and sluice-ways,

etc., for the purpose of putting down new pipes for conveying water over the land for mining purposes on other land belonging to him, or in which he and others were largely interested. It is not alleged, however, that she ever sought to take possession, and that her efforts to do so were resisted or objected to by Hand.

In his answer, Hand denied these various acts of waste; he stated, however, and introduced proof to show, that at the time White purchased, there was piping on the land, of which White was fully cognizant; that the land was valuable only for mining purposes, and that the minerals in it could not have been mined without the use of the water from this pipe run, and several witnesses testified that the existence of this pipe enhanced the value of the land for the use to which it was intended to be put, and the ability to procure water therefrom was one of the principal inducements to the purchase. He admitted that he had entered on the land, taken up the old and put down larger piping, thereby increasing the facilities for furnishing a supply of water to those working mines on the land, White, who all the time acted as plaintiff's agent, not objecting thereto, and being doubtless apprized of what was transpiring. Hand submitted his entire willingness to perform specifically the contract in favor of complainant, upon receiving the balance of the purchase money due him, with interest on the same.

The jury found that there should be a specific performance of the contract; that Hand, upon receiving $1,500 with interest thereon within forty days, should convey to complainant the land, or in the event she failed to make the payment within the time prescribed, the land should be sold, and after paying Hand's debt and the cost, the balance, if any, should be turned over to the complainant. A decree was entered in accordance with the verdict, and a new trial was moved by complainant, upon various grounds, which was refused, and she excepted and brought the case to this court.

1. The two first grounds of the motion, to the effect that the verdict was contrary to law and evidence, etc., are manifestly insufficient, in view of the testimony in the case, to authorize our disturbance of the verdict; in fact, we are of opinion that it was in accordance both with law and evidence; that it carried out fully the intention of the parties, and carefully guarded and protected their rights. That one of the parties cannot rescind a contract without the consent of the other, except for the non-performance by him of his covenants, is established doctrine. Code, §2860. There has been in this case a substantial compliance on the part of Hand with every obligation and undertaking in the agreement; indeed, we are satisfied that his conduct throughout the transaction has been marked both by forbearance and liberality.

2. There is nothing in the third ground of the motion. If true that the court omitted to give in charge an appropriate and pertinent principle of law, the party complaining should have called his attention to the omission, and then, if he refused to give it, there would have been ground for alleging error. But we are inclined to think, from an examination of that portion of the charge brought up in the record, that there was no such omission as that embodied in this ground.

3. There are no errors specially alleged in the charges excepted to in the fourth and fifth grounds of the motion. In our opinion, they are not open to objection. They are not merely hypothetical, without evidence to support them, as was so zealously and plausibly urged by the experienced and able counsel for the plaintiff in error. On the contrary, they seem to us to cover every aspect of the case and to have been strictly confined to the facts in proof. As full justice has been done to the parties by this trial, and as another would not likely result in a different finding, itis time that the contention between them should end. It is neither good policy nor sound law to encourage the continuance of strife. It is better to agree with

an adversary quickly while you are in the way with him.

Judgment affirmed.