Stevens *vs.* The Central Railroad & Banking Company.

——————

STEVENS *vs.* THE CENTRAL RAILROAD & BANKING COMPANY.

| 80 | 19 |
|----|-----|
| 105 | 648 |
| 80 | 19 |
| 114 | 446 |
| 80 | 19 |
| 116 | 620 |
| 80 | 19 |
| 125 | 48 |

1. The verdict in this case is fully sustained by the evidence.
2. The entire charge was fair and impartial, and fully covered the points on which it was claimed, in the fourth, fifth and sixth grounds of the motion for a new trial, that the court failed to charge.
3. If the testimony was conflicting on material points in the case, and the counsel deemed it important that the rule as to reconciling the testimony, or as to determining the credibility of witnesses, should be given in charge, the attention of the court should have been called thereto, or his omission to charge on that subject will not cause a new trial.
(a) The same is true as to a failure to charge in respect to impeaching testimony.
4. Where, in a suit for damages caused by a fall, the plaintiff claimed that spinal concussions or some similar effect had resulted from

the fall, it was admissible to show that, on the afternoon previous to the injury, he had exchanged photographs with a negro girl and had made an assignation with her for the next day, and that on the morning of the day after the fall, he walked four or five miles in the direction where she lived. Such evidence tended to throw light on his physical condition after the injury.

5. Such evidence was admissible not only to throw light on the particular injury to the plaintiff's spine, but also on his general physical condition after he was injured; and there was no error in refusing to limit the effect of it in the charge to the former point.

March 3, 1888.

Verdict. Charge of court. New trial. Evidence. Witness. Before Judge FORT. Macon superior court. May term, 1887.

Reported in the decision.

FRANK A. ARNOLD, W. H. FISH and GEORGE T. FRY. for plaintiff.

LYON & ESTES and J. W. HAYGOOD, for defendant.

SIMMONS, Justice.

George C. Stevens sued the Central Railroad & Banking Company for $10,000 damages, for personal injuries alleged to have been sustained by him by reason of the defendant's negligence. His declaration alleged that, on the night of the 27th of May, 1886, he purchased from the defendant's agent, at the ticket-office at Marshallville, a ticket entitling him to passage over the defendant's road; and that, while walking in the dark across the grounds of the defendant on his way to meet the train at the usual point of embarking and to take passage thereon, he unexpectedly came to an abrupt step or break in the ground which caused him to stumble, and in attempting to recover himself he stumbled upon and fell over a bank of sand, thereby sustaining injuries to his wrist and spine and other serious personal hurt. He alleged that these injuries were caused

without fault or negligence on his part, but were due to the negligence of the defendant in failing to keep its grounds in safe condition and properly lighted at night for the protection of passengers.

The jury, upon the trial of the case, found in favor of the defendant. The plaintiff moved for a new trial, which was refused, and he thereupon excepted. The grounds of the motion for a new trial are, in substance, as follows :

The first, second and third grounds are the usual ones, that the verdict is contrary to law and to the evidence. The fourth ground is, that the court, after stating what the plaintiff claimed in his declaration, failed to charge the law on the given state of facts; whether plaintiff's theory was well or ill founded in law; whether or not it was the duty of the defendant to provide at night suitable lights in and about its station grounds where passengers usually and ordinarily went, to warn them ; and failed to charge as to the duty of railroad companies to provide safe and unobstructed passage about their station-grounds, used by passengers in going from the ticket-office to the usual place of boarding the cars.

The 5th ground is, that the court failed to charge, as requested by plaintiff's counsel, " that a railroad company is bound to keep in safe condition stations and station grounds where passengers are expressly or impliedly invited to go, and to use extraordinary care for the safety of passengers using stations and station grounds "; and charged in lieu thereof (and so far as he charged at all on the duty of railroads to passengers), that "there are certain principles of law regulating the liability of railroad companies to which the court invites your attention. A railroad company is bound to extraordinary diligence on behalf of itself and its agents to protect the lives and persons of its passengers, but it is not liable to injuries of passengers after having used such diligence. Diligence is of two kinds; ordinary diligence, which is that care which every prudent man takes of his own property of a similar na-

ture; absence of such diligence is termed ordinary neglect; and extraordinary diligence, which is that extreme care and caution which every prudent and thoughtful person uses in securing and preserving their property; absence of such diligence is termed slight neglect. You perceive the distinction between ordinary and extraordinary diligence. When a person has purchased his ticket and arrived at the point of departure, though he has not entered the cars, he is a passenger; and while waiting for the train to set out, he is, as to all the duties of the company directly involving his safety, entitled to extraordinary diligence; as to all duties involving merely his convenience and accommodation, to ordinary diligence. The company is charged, under the state of facts just supposed, with extraordinary diligence so far as it involves the safety of the passenger; so far as it merely involves the convenience and accommodation of the passenger, it is only bound to ordinary diligence. That is the distinction to be borne in mind. If a railroad company has used all proper diligence in providing a suitable place for passengers to enter the cars, and has given full and fair opportunity to enter the cars at that place, a passenger who has declined to enter until the last moment is entitled only to usual and ordinary diligence in keeping him from being left. The rule of extraordinary diligence applies only to receiving, keeping, carrying and discharging of passengers and to their safety. These are the rules which the law has provided upon this subject. These are the rules which the court gives you as applicable to that branch of the case."

The 6th ground is, " Because the court erred in charging the jury that ' If a railroad company has used all proper diligence in providing a suitable place for passengers to enter the cars, and has given full and fair opportunity to enter the cars at that place, a passenger who has declined to enter until the last moment is entitled only to usual and ordinary diligence in keeping him from being left.' "

The 7th ground of the motion is, that the court did not

give the jury any rule for reconciling the testimony of witnesses, nor for determining their credibility in case of conflict, although the testimony of the plaintiff conflicted with that of other witnesses, set out in this ground of the motion.

The 8th ground is, that the court failed to charge the jury on the subject of impeaching testimony, although Bryan's interrogatories, sued out by the plaintiff, were introduced by the plaintiff solely to contradict and impeach the oral testimony of Bryan as a witness for the defendant.

The 9th ground is, that the court refused to rule out Bryan's testimony, as a witness for the defendant, on the subject of the plaintiff's exchanging photographs with a negro girl, Julia, and the conversations and engagements with her; plaintiff's counsel having moved to rule out the same on the ground that it was irrelevant, and calculated to mislead the jury and prejudice the plaintiff in the minds of the jury.

The 10th ground is, that the court, after admitting, over objection of the plaintiff, the testimony of the witness, Bryan, as to plaintiff's exchanging photographs with the negro girl, Julia, and conversations and engagements with her, failed in his charge to the jury to restrict the effect of the evidence to the matter for which he ruled it relevant, to-wit: the extent of plaintiff's spinal injuries.

1. We have carefully read the evidence sent up in this record, and think that it fully authorizes the conclusion reached by the jury in their verdict, that this railroad company was not liable for the injury sustained by the plaintiff in error. We think, therefore, that the complaint made in the first, second and third grounds of the motion is not well-founded.

2. The fourth, fifth and sixth grounds complain of the failure of the court to charge on the points therein set out, and of the charge of the court as given. We have read the entire charge as set out in the record, and find it to be fair and impartial between the plaintiff and the defendant,

and that the points about which complaint is made in these grounds of the motion are fully covered in the general charge of the court.

3. The seventh ground complains that the court did not give to the jury any rule for reconciling the testimony of the witnesses, nor for determining their credibility in case of conflict. If the testimony was conflicting and the conflict was upon material points in the case, and if counsel thought it was important that the rule upon this subject should have been given to the jury, they should have called the attention of the court thereto before the jury retired to make up their verdict. The record does not show that the court's attention was called to this matter, or that any request was made of the court to give this rule in charge. This view also disposes of the complaint made in the eighth ground, as to the failure of the court to charge on the subject of impeaching testimony. In the case of *White vs. Hand et al.*, 76 *Ga.* 3, this court held that, "if the court omitted to give in charge an appropriate and pertinent principle of law, the party complaining should have called his attention to the omission, and then, if he refused to give it, there would have been ground for alleging error."

4. The main ground relied on here for reversal is the error complained of in the ninth ground of the motion, viz: that the court refused to rule out Bryan's testimony on the subject of the plaintiff's exchange of photographs with the negro girl, and his conversations and engagements with her. The plaintiff, in his declaration and in his evidence before the jury, complained that his spine was badly injured by reason of his fall in attempting to reach the railroad track, indeed, that spinal concussion or something of that sort had been produced by the fall. We think that any evidence going to contradict this would be admissible. This evidence, which was objected to and which the plaintiff sought to have ruled out, was to the effect that the plaintiff had exchanged photographs with a negro girl

on the afternoon before he was injured, and had made an assignation with her for the next day; and on the morning of the next day he walked four or five miles in the direction of where she lived. If he did make the agreement to meet this girl and walked that distance for this purpose, it would certainly throw light upon his physical condition after the injury; and the jury might well conclude that his spine was not so badly injured as he claimed it to be. We therefore see no error in the refusal of the court to rule out this evidence. It is not only admissible to throw light upon the particular injury complained of to the spine of the plaintiff, but also upon the general physical condition of the plaintiff after he was injured. The court, therefore, did right in not limiting the effect of it in his charge to the jury, as complained in the tenth ground of the motion. Being competent and legal evidence, it was admissible for all purposes, and the jury had a right to give it such weight as they saw proper to give it.

Judgment affirmed.