[No. 593.   Decided October 26, 1892.]

LOUIS BLUE, *Respondent*, v. J. H. McCABE, *Appellant*.

TRIAL—NON-SUIT—COMMENTING ON TESTIMONY—CORPORATIONS—
AUTHORITY OF OFFICERS—EVIDENCE—INSTRUCTIONS—VERDICT.

In passing upon a motion for a non-suit, it is not error for the judge to comment upon the testimony in the presence of the jury when the defendant has not asked for the withdrawal of the jury from the room during the consideration of the motion.

In an action upon a promissory note indorsed and transferred to plaintiff by the president and secretary of a corporation to which it was made payable, a motion for non-suit, on the ground that no authority of the officers to transfer the note had been shown, is properly denied when the testimony tends to show that the maker of the note, himself a director in the corporation, requested plaintiff to cash the note in order that the company might prosecute some of its plans, and that it was in pursuance of such request that the transfer was made.

The refusal of a request to instruct that a corporation must have authority from its board of directors in order to transfer a note is not error when the request is unaccompanied by other instructions sufficient to inform the jury that such authority may be conferred in many ways.

A verdict which finds for the plaintiff in a certain entitled cause, without naming the defendant against whom judgment is sought, is good, if the intention of the jury can be fairly gathered from the verdict.

*Appeal from Superior Court, Spokane County.*

*Jones, Belt & Quinn*, for appellant.
*J. T. Hamilton*, and *W. H. Plummer*, for respondent.

The opinion of the court was delivered by

STILES, J.—In passing upon appellant's motion for a non-suit, the judge who tried the cause remarked that the testimony showed that the transfer of the note sued on was made by the officers of the Kettle Falls Improvement Company.   Appellant complains of this as a violation of § 16, art. 4 of the constitution, prohibiting judges from com-

menting upon the facts of a case. We cannot assent to the proposition. When counsel make a motion for a non-suit they know that it is a challenge to the court to determine the sufficiency of the facts adduced by the plaintiff, and that in deciding the motion, the judge may find it necessary to allude to the evidence. It would be going entirely too far to hold that the denial of the motion must be limited to the formal words, since it is in the highest degree proper that the judge should give his reasons for his action. In every such a case counsel who fear the effect of what the judge may say upon the jury, should secure the absence of the jury from the court room during the argument of their motion.

The motion for non-suit was made on the ground that the plaintiff had not shown that the president and secretary of the Kettle Falls Improvement Company had authority to endorse and transfer the note. In denying the motion the court said it would be assumed that the officers named acted within the scope of their authority. It might be questioned whether this ruling would stand the test of rigid scrutiny; but there was then in the case testimony tending to show that the maker of the note, appellant here, who was an officer of the company, himself suggested and requested that Blue should cash the note in order that the company might prosecute some of its plans, and it was in pursuance of appellant's request that the assumed transfer was made, and the money paid. Therefore appellant was in no position to take advantage of a technical want of authority in the president and secretary.

A charge that the corporation must have had authority from the company's board of directors to transfer the note would have been proper enough had it been accompanied by other charges sufficient to inform the jury that such authority might be conferred in many ways; as, for instance, by the general consent of every person interested

in the corporation, given at meetings where the maker of the note as a stockholder and officer voted for the transfer. A corporation which numbers but half a dozen individuals as stockholders, and which transacts its business after the town meeting plan, as this one seems to have done, leaves very little room for technical objection by those who participate in the meetings.

The instructions asked upon the theory of fraudulent representations made to procure the execution of the note were properly refused. The complaint was insufficient to sustain a defense of this kind, and the evidence entirely failed to produce any fact from which fraud could be argued. Besides which appellant consented and voted for the very thing of which he most complains.

Appellant objected to the entry of a judgment against him upon the verdict of the jury. The form of the verdict was as follows:

"We, the jury, in the case of Louis Blue, plaintiff, v. The Kettle Falls Improvement Company, defendant, find for the plaintiff, and assess his damages at the sum of eight hundred dollars."

The title of a cause is used in a verdict merely to identify it with the cause, and it is not necessary that all of the parties be named in order that it may be a good verdict against each one. If it can be fairly gathered what the intention of the jury was, it will be given effect accordingly. There were two defendants named in the complaint, the Kettle Falls Improvement Company and McCabe. The corporation, as far as we know from the record, did not appear or answer, and the case tried was not against it, but against McCabe alone. The jury could not, therefore, have meant to find against the corporation as they were not trying any matter in which it was interested. They simply found for the plaintiff, mentioning no defendant, but intending the only defendant they had before them. The

court below construed the verdict in this way, and entered judgment against McCabe.

Finding no error, the judgment is affirmed.

ANDERS, C. J., and HOYT, SCOTT and DUNBAR, JJ., concur.