GUSTIN, GUERRY & HALL, for plaintiff in error.
W. H. FELTON, Jr., solicitor-general, contra.

---

LEWIS v. THE STATE.

1. The court having correctly charged the jury as to the manner in which they should deal with evidence tending to impeach witnesses, and as to the effect of the same, failure to give in charge the rules laid down in the code as to the modes of impeachment, in the absence of a request so to do, was not reversible error. Smith v. Page, 72 Ga. 539; Cole v. Byrd, 83 Ga. 207.
2. Where, during the argument of the case, reference has been made by counsel to the fact that the accused had been twice before tried for the same homicide, not only was it not erroneous, but it was entirely proper, for the court to instruct the jury that they were in no way concerned with the result of the former trials, and the fact that the accused had before been upon trial should not be permitted to weigh at all in their deliberations, either against the accused or in his favor, but they should try the case as though it had never been tried before, and render a correct ver-

dict under the law and evidence submitted to them upon the trial then pending.

3. The prisoner having been previously tried for the same offence, his statement then made, conflicting with the statement made on the subsequent trial, is admissible in evidence against him for the purpose of contradicting the latter.

4. There was no error in refusing to permit the accused to prove by his counsel that he desired to include in his statement to the jury made at a former trial certain matters, but refrained from so doing under the advice of the same counsel. If the sayings of the accused made in his own interest were admissible at all, his attorney was not, under the act of August 4th, 1887, a competent witness to prove them, they being confidential communications between himself and his client. Acts of 1887, p. 30.

5. The special assignments of error made in the remaining grounds of the motion for a new trial relate solely to the charge of the court. The particular instructions specified and complained of are the same in effect,—and almost *verbatim et literatim*,—as were passed on by this court when the case was before it at the March term, 1892. (See 90 *Ga.* 95; 15 S. E. Rep. 697.) And as the charges assigned as error were then specially considered, approved and sanctioned, they need not now be further discussed.

6. The verdict was fully warranted by the evidence. Such was the opinion of this court when the case was formerly here upon substantially the same facts, and a new trial was then ordered solely because there was a fatal variance between the indictment and the evidence as to the name of the person killed. *Judgment affirmed.*
February 20, 1893.

Before Judge MILLER; motion for new trial before Judge BARTLETT. Bibb superior court. November term, 1892.

Lewis was convicted of the murder of his wife, Mirandy, and was sentenced to death. His motion for a new trial was overruled, and he excepted. The motion contains the following grounds:

1. The court charged the jury thus: "Now, the rule of law as to the impeachment of witnesses is this: whether a witness has been successfully impeached is purely a question for the jury trying the case; if they think the impeachment successful they should disregard the testimony of the witness, but it is for them to say what effect the impeaching evidence shall have, and how

far the witness attacked is sustained and corroborated by other evidence in the case. It is for you and you alone to determine the credibility of the witnesses under all the evidence in the case. It is for you to say what credit shall be given to both the evidence attacked and the attacking evidence; so that you may nevertheless believe the witness attacked, if you should determine that under all the evidence in the case her evidence is entitled to credit." It is complained that this charge was not full enough on the subject of impeaching witnesses, and that the court did not charge any of the rules laid down in the code by which witnesses are impeached.

2. The court charged: "Reference has been made in the argument of this case to the fact that this defendant has been twice tried before for this homicide. With that you are not concerned; it should not be permitted to weigh at all in your deliberations, either against the defendant or in his favor. You try this case just as though it had never been tried before; you try it for yourselves, upon your own oaths and your own consciences, seeking but to render a correct verdict under the law and evidence that is submitted to you upon this trial." Error, because the court had no authority to charge on that subject.

3. The court permitted the State to introduce in evidence the defendant's statement on a former trial taken down by the court stenographer and shown to be correct, over defendant's objection. The defendant insists that this was error, because it was an attempt by the State to impeach a man on trial for his life by his own former statement not made under oath, and it was read before the jury to show a conflict in the statement then made with the one made on the present trial. The defendant insists that there was no conflict in the statements, but that the prisoner on the last trial simply added to the former statement.

4. One of the defendant's counsel was introduced as a witness and was asked to state to the jury what the defendant wanted to do on the other trial about making a statement as to "being out there and finding these people in that kind of a position." This was objected to, and counsel explained: "We desire to say that he wanted to state what he did to-day on the other trial, but we advised him not to do so, because we did not know anything about the character of the woman Dillon, and therefore it was left out for that reason; and we desire to prove now that he wanted to make that statement before." The testimony was rejected. The defendant insists that this was error, because the court thus shut him off from showing to the jury what kind of statement he wanted to make on the former trial, at the same time permitting counsel for the State to read the former statement to the jury as evidence.

5, 6. The other grounds allege that the verdict was contrary to law and evidence, and that the court erred in certain instructions to the jury. These may be seen in the former report of this case. 90 *Ga.* 95.

R. F. LYON and JOHN R. COOPER, for plaintiff in error.

J. M. TERRELL, attorney-general, and W. H. FELTON, Jr., solicitor-general, *contra.*