[No. 799. Decided June 7, 1893.]

L. H. Patchen and George Patchen, *Respondents*, v. The Parke and Lacy Machinery Company, *Appellant*.

CONSTITUTIONAL LAW — JUDICIAL COMMENT ON FACTS — ACTION ON ACCOUNT — EVIDENCE — NON-SUIT — CROSS-EXAMINATION OF WITNESS.

An incidental allusion by the court to the facts in a cause, in determining a motion for a non-suit, is not a violation of §16, art. 4, of the constitution, prohibiting a judge from commenting on the facts.

Where an order upon a debtor is given by a creditor to a third party to whom he is indebted, the amount of indebtedness to such third party is immaterial in establishing the amount due from the debtor to the creditor.

The fact that such order operated as an assignment of the account cannot be raised for the first time on appeal.

In an action to recover a balance due upon account, it is error to non-suit the plaintiff, when it appears from the evidence that he had given an order to a third party for the sum due from defendant, on the supposition that it was a certain amount, but in fact, as the evidence showed, there was a further balance due him.

Where a witness is put upon the stand to identify the signature to a receipt which was claimed to have been given such witness, as defendant's agent, in full of account, and was offered for the purpose of proving payment, such witness may be properly cross-examined as to the moneys he has received and paid out for and on account of the plaintiff.

*Appeal from Superior Court, Spokane County.*

*Fenton, Henley & Fenton,* for appellant.

*W. M. Ridpath,* and *Feighan, Wells & Herman,* for respondents.

The opinion of the court was delivered by

Scott, J.— The plaintiffs placed in the hands of the defendant certain machinery to be sold for them by the de-

fendant. The proceeds over and above a sum owing by plaintiffs to defendant were to be paid to the plaintiffs. Sales of said machinery were made from time to time by the defendant, and orders were given by plaintiffs to other persons upon the defendant for various sums of money received therefrom. The last order given purports to be as follows:

"SPOKANE, Sept. 4, 1891.

"*The Parke & Lacy Machinery Co., Spokane:*

"GENTLEMEN — Please pay O. C. Ross whatever may be due us on account in your book, in settlement of machinery account in full.        PATCHEN BROS."

Sixty-seven dollars and sixty-nine cents was paid by the defendant to said Ross upon this order, whereupon Ross delivered the order to defendant, together with a receipt for the specific sum with the following words added: "Being the amount in full due Patchen Bros. on account of machinery as by their order." Subsequently thereto, the plaintiffs, claiming that the defendant had not accounted for all of the moneys due them by reason of the sale of such machinery, instituted this suit, and, obtaining a judgment for $295 therein, the defendant appealed.

The first ground of error alleged is with reference to a remark made by the court in ruling upon the motion for a non-suit made by the defendant. In denying said motion the court said:

"The defendant seems to admit in his answer that the machinery was of the value of $800, and he does not seem to have accounted for that amount."

This is the language complained of. It is contended that it is a violation of the constitutional provision, §16, art. 4, prohibiting a judge from commenting upon the facts in the case. This point is not well taken. An incidental allusion to the facts called to the court's attention in de-

termining a motion for a non-suit is not error. *Blue v. McCabe*, 5 Wash. 125 (31 Pac. Rep. 431).

The second ground of error is founded upon a question asked one of the plaintiffs upon cross examination, which was, "How much were you owing Mr. Ross at the time you gave him this order you have spoken of?" This was objected to as immaterial, and the objection was sustained, and we think properly so, as we are unable to see how any question as to the indebtedness of the plaintiffs to Ross could be material in this action. It was of no consequence how much, or whether or not, the plaintiffs owed Ross anything at the time they gave him the order.

The third ground of error alleged is the denying of appellant's motion for a non-suit. Appellant contends that said order given by plaintiffs to Ross was in effect an assignment of whatever sum was owing by the defendant to the plaintiffs, and that it, together with Ross's receipt, showed a full payment of all liabilities from the defendant to the plaintiffs. When the motion for the non-suit was made, said order had not been introduced in evidence. The testimony of the plaintiffs showed that eight hundred dollars had been received by defendant for the machinery sold, and only a portion of this amount had been accounted for. At the time the order was given to Ross, one of the plaintiffs asked the defendant's bookkeeper how much was due them, and was told that the amount was $67.69, whereupon said order was given. The testimony as it stood at the time the motion for the non-suit was made was to the effect that the order had been given for this specific sum. There was no proof at that time before the court that an order had been given for all moneys due and owing the plaintiffs from the defendant, although there is some testimony to show that at the time this order was given it was supposed that the amount of such indebtedness was but

$67.69, but the evidence as it then stood showing that there was a further balance due the plaintiffs from the defendant, the motion was properly denied.

The question as to the order aforesaid being an assignment was never at any time before the lower court as appears by the record.   Said order and the receipt given by Ross were introduced for the purpose of showing a settlement with the plaintiffs, and that payment in full had been made by defendant to Ross of all moneys due the plaintiffs. The order and receipt were put in evidence by the defendant in making its case, but the court was not asked to instruct the jury that said order operated as an assignment of all moneys due the plaintiffs from the defendant, and that consequently the plaintiffs could not maintain their action.

It was contended by the plaintiffs that the order had been altered, and was not as it was originally given.   It is claimed that the words, "in settlement of machinery account in full," were not contained in the order when given by the plaintiffs, and had been added without their knowledge or authority.   This, of course, would have some bearing upon the question as to whether there was a settlement between the plaintiffs and defendant at the time the order was given, which was a matter for the jury to dispose of, but we agree with the appellant that those words did not materially alter the order in relation to the other question as to its being an assignment of the entire claim of the plaintiffs against the defendant.   But, as that question was not raised in the lower court, it is not available here.

The next ground of error complained of is in relation to the cross examination of one W. C. Hendrie, the defendant's managing agent, and the person with whom the agreement had been made by the plaintiffs.   He was put upon the stand by defendant to prove the signature of O. C. Ross

to the receipt aforesaid purporting to be in full of all moneys due the plaintiffs, which he identified, and said receipt was offered in evidence; whereupon the court, over the objections of the defendant, permitted the plaintiffs to cross examine said witness as to the moneys he had received from the sales of such machinery, and as to the amounts he had paid out for and on account of the plaintiffs. We think this was proper cross examination. It is true said witness had only been asked to identify the signature of Ross to the receipt in question, but this receipt was offered for the purpose of showing payment in full of the plaintiffs' demands against the defendant, and the court rightly permitted the plaintiffs to cross examine this witness as to the moneys he had received and paid out for and on their account.

It is further contended that the court erred in permitting the plaintiffs upon rebuttal to introduce evidence to contradict the statements made by the witness Hendrie upon his said cross examination, on the ground that such cross examination was improper, but as we have held the objection not well taken, it follows that the evidence in rebuttal was permissible.

Error is claimed as to two of the instructions given by the court to the jury which were pertinent to and founded upon the issues as to settlement and payment. The only exception taken thereto was as follows: "The defendant, by its counsel, in open court, excepted to the giving of instructions numbered 11 and 12." No ground whatever was specified. It is now urged that said instructions were erroneous because the point that said order operated as an assignment was ignored in them. But what we have said as to this point heretofore disposes of the question. It was not claimed or even suggested by the defendant, in the exception taken, or elsewhere during the trial, that the order

operated as an assignment and the exception taken was insufficient to raise the question, under the circumstances of this case.

Finding no error in the case, the judgment is affirmed.

ANDERS and STILES, JJ., concur.

DUNBAR, C. J., concurs in the result.

HOYT, J., dissents.