## JOINER v. THE STATE.

1. It is proper for the court, in the trial of a case where the evidence is
   both direct and circumstantial, to define to the jury each class of evi-
   dence and explain the difference between them.
2. That some of the instructions embraced in the charge of the court
   to the jury in a criminal case were not warranted by the evidence,
   will not be held cause for a new trial when it is apparent that these
   instructions tended to benefit, and could not in any event have re-
   sulted in injury to, the accused.
3. That the court, after stating to the jury an important contention of
   the accused, did not in that immediate connection inform them what
   effect should be given to this contention if found true, is not cause
   for a new trial when, from other instructions and in the very nature
   of things, it is palpably apparent that the jury could not have failed
   to understand that, if this contention was established, they should
   acquit the accused.
4. Mere failure to charge concerning the impeachment of witnesses will
   not require a new trial when the attention of the court was not
   called to this subject, and there was no request to charge thereon.

5. The evidence fully warranted the verdict, and the record discloses no good reason for setting it aside.

Submitted October 3, — Decided October 13, 1898.

Indictment for murder. Before Judge Felton. Bibb superior court. April term, 1898.

*John R. Cooper,* for plaintiff in error.

*J. M. Terrell, attorney-general, Robert Hodges, solicitor-general,* and *Roland Ellis,* contra.

LUMPKIN, P. J. On the trial of Joiner, who was indicted for murder and found guilty with a recommendation that he be punished by imprisonment in the penitentiary for life, the court, in its charge to the jury, gave to them a correct definition of direct evidence, and explained to them the difference between it and circumstantial evidence, and also gave them instructions upon the law of voluntary manslaughter and justifiable homicide. These things are complained of in the motion for a new trial filed by the accused, which alleges that the evidence was entirely circumstantial, and that it contained nothing warranting the instructions just mentioned. The motion also alleges that the court erred in stating to the jury that the accused denied the killing, or that he had anything to do with it, without further instructing them that, if this contention were true, they ought to acquit the accused. It is further insisted in the motion that the court erred in not instructing the jury that a witness can be impeached by proving contradictory statements, and that, when a witness has contradicted himself, it would be a question for the jury whether he should be believed or not.

1. This was not a case of purely circumstantial evidence. Much of the testimony was direct and positive, and much of it was circumstantial. It follows, therefore, that the first ground of alleged error, as above set forth, was not well taken.

2. After a careful study of the evidence in the record, we are strongly of the opinion that it contained nothing warranting the judge in charging either upon the law of voluntary manslaughter or of justifiable homicide. Apparently it was a case of assassination, and the only substantial issue was whether or not the accused was the person who did the killing. Accord-

ingly there is much strength in the position that the instructions just referred to ought not to have been given; but assuming this to be so, the fact that they were given constitutes no cause for a new trial in the present case. If the accused had been acquitted, that would have been an end of the case. If he had been convicted of voluntary manslaughter, the question for decision would be altogether different. *Dyal* v. *State,* 97 *Ga.* 428. Inasmuch, however, as the jury found him guilty of murder, and did so upon very strong and convincing evidence of his guilt, he was not injured by the charges now under consideration. Indeed they "tended to benefit rather than harm the accused." *Hudson* v. *State,* 101 *Ga.* 524.

3. It is inconceivable that a jury of any intelligence would convict one on trial of any grade of homicide, if they believed that he neither did the killing nor had any connection with it. Besides, it distinctly appears that the judge plainly and unequivocally instructed the jury that if the State had not established beyond a reasonable doubt that the accused did the killing, he should be acquitted. In view of the entire charge, there is not the slightest room for doubt that the jury fully understood they ought not to find Joiner guilty unless fully satisfied that he committed the homicide.

4. The court was not requested to give any instructions relating to the impeachment of witnesses, and accordingly, failure to do so will not be held cause for a new trial. *Smith* v. *Page,* 72 *Ga.* 539; *Stevens* v. *Central R. & B. Co.,* 80 *Ga.* 19; *Cole* v. *Byrd,* 83 *Ga.* 207; *Lewis* v. *State,* 91 *Ga.* 168.

5. As already stated, the evidence against the accused was strong and convincing. Indeed we hazard nothing in saying that the verdict of guilty was demanded. The accused was fortunate in obtaining the recommendation by which the death penalty was averted.

> *Judgment affirmed. All the Justices concurring.*