## ROBISON *v.* THE STATE.

1. Mere failure to charge the law with respect to the impeachment of witnesses will not, in the absence of a request to charge upon the subject, be ground for a new trial.
2. On the trial of one of two persons jointly indicted, the declarations of the other that he alone committed the offense with which they are charged are not admissible in evidence in favor of the accused on trial.
3. There was sufficient evidence to warrant the verdict complained of, and the record discloses no reason for granting a new trial.

Argued December 16,—Decided December 19, 1901.

Indictment for murder. Before Judge Evans. Washington superior court. October 5, 1901.

*Evans & Evans,* for plaintiff in error.

*J. M. Terrell, attorney-general, B. T. Rawlings, solicitor-general,* and *G. H. Howard,* contra.

FISH, J.    John Robison and Tom Hunter were jointly indicted for murder.    Hunter disappeared, and Robison, upon his trial, was found guilty.    His motion for a new trial being overruled, he excepted.

1.  On the trial the accused sought to impeach two of the State's witnesses, by showing that their testimony given upon the committal trial was, as to material facts, contradictory to their testimony in the trial now under review.    In the motion for a new trial error was alleged because the court wholly failed to charge the law relative to the impeachment of witnesses.    In *Smith* v. *Page,* 72 *Ga.* 539, it was held:  "The weight to be given the evidence of witnesses alleged to have been impeached is not one of the material questions in the case, without allusion to which the charge would be necessarily defective.    It is only incidental or collateral to such material point, and, therefore, a failure to charge concerning it will not require a new trial, where the attention of the court has not been called to it, and no request to charge concerning it has been made."    This rule has since been consistently followed. See *Stevens* v. *Central Railroad & Banking Co.,* 80 *Ga.* 19 (3); *Cole* v. *Byrd,* 83 *Ga.* 207 (3) ; *Lewis* v. *State,* 91 *Ga.* 168 (1); *Jackson* v. *State,* Id. 271 (4); *Skinner* v. *State,* 98 *Ga.* 127 (2); *Bass* v. *State,* 103 *Ga.* 228 (4); *Waters* v. *State,* Id. 571 (1); *Huff* v. *State,* 104 *Ga.* 521; *Joiner* v. *State,* 105 *Ga.* 646 (4); *Freeman* v. *State,* 112 *Ga.* 48 (1); *Louisville & Nashville R. Co.* v. *Thompson,* 113 *Ga.* 983; *Downing* v. *State,* 114 *Ga.* 31; *Harris* v. *State,* Id. 35; *Levan* v. *State,* Id. 258.    Counsel for the plaintiff in error contend that this well-established rule of practice is not applicable to the case in hand, but that this case is controlled by the rule announced in *Stafford* v. *State,* 55 *Ga.* 591, which was followed in *Plummer* v. *State,* 111 *Ga.* 839, that, where a witness swore to a certain state of facts upon one trial, and to the contrary upon a second trial of the same case, admitting that his testimony first given was false, it was error in the court to fail to charge that if a witness knowingly and wilfully swears falsely in a material matter, his testimony should be rejected entirely, unless it be corroborated by the facts and circumstances of the case or other credible evidence.

The facts of the case under consideration do not bring it within the scope of the principle announced in the two cases last cited. In each of those cases a witness himself admitted that his testimony given upon a former trial was false, while in the present case the witnesses sought to be impeached stoutly denied that their testimony on the committal trial was different from what they testified in the last trial. This distinction seems to have been sufficiently material to call for the different rulings above referred to.

2. Another ground of the motion for a new trial was, that the court refused to permit a witness for the accused to testify to the effect that, on the night of the homicide, Tom Hunter told him that he, Hunter, had killed the deceased in self-defense, and that Robison was not implicated in the killing. Such testimony was not admissible. The exact question was decided in *Lyon* v. *State*, 22 *Ga.* 399. There two persons were jointly indicted for assault with intent to murder; one failed to appear, and upon the trial of the other he sought to prove that his codefendant had acknowledged that he alone committed the offense; the trial judge excluded the testimony, and this court sustained his ruling. Directly in line with *Lyon's* case are *Daniel* v. *State*, 65 *Ga.* 199 (1); *Kelly* v. *State*, 82 *Ga.* 441 (2); *Woolfolk* v. *State*, 85 *Ga.* 69 (15); *Briscoe* v. *State*, 95 *Ga.* 496; *Delk* v. *State*, 99 *Ga.* 667 (3); *Lowry* v. *State*, 100 *Ga.* 574. Of course Tom Hunter would have been a competent witness in behalf of Robison, upon his separate trial; but the declarations of Hunter were merely hearsay, and to have admitted them to acquit Robison would, as said by McDonald, J., in *Lyon* v. *State*, supra, "be recognizing a principle which would, in all such cases, subvert the ends of justice. All one defendant would have to do would be to admit that his guilty accomplice was innocent, and that he himself had perpetrated the crime, absent himself so as to enable the party on his trial to have the benefit of his admission, and, after his acquittal, appear, demand his trial, and prove by the evidence of the acquitted party that he was in fact the guilty person."

3. The evidence was amply sufficient to sustain the verdict of guilty, and the record discloses no reason for granting a new trial.

*Judgment affirmed. All the Justices concurring, except Little, J., absent.*