[No. 19199.   Department One.   September 3, 1925.]

THE STATE OF WASHINGTON, *Respondent*, v. H. L. REED, *Appellant*.[1]

RAPE (31)—EVIDENCE—SUFFICIENCY—CORROBORATION. A conviction of statutory rape is supported by the direct testimony of the victim, thirteen years of age, substantially corroborated by other testimony of attendant circumstances.

WITNESSES (74)—CROSS-EXAMINATION—SCOPE AND RELEVANCY. It is not an abuse of discretion to allow cross-examination of a doctor to rebut an arguable inference that the absence of lacerations negatived recent sexual intercourse of a young child, raised by his direct evidence, and allow him to state on cross-examination that it was possible.

CRIMINAL LAW (288) — TRIAL — INSTRUCTIONS — CIRCUMSTANTIAL EVIDENCE. Error cannot be assigned on a cautionary instruction relating to circumstantial evidence to sustain the conviction, where there were circumstances corroborating direct evidence of the guilt of accused.

RAPE (35) — TRIAL — INSTRUCTIONS — ISSUES. In an action for statutory rape of a young child, in which there appeared to be no lacerations, it is proper to instruct that the crime could have been committed by but a slight degree of penetration.

Appeal from a judgment of the superior court for Snohomish county, Bell, J., entered December 3, 1924, upon a trial and conviction of rape. Affirmed.

*Coleman & Fogarty* and *Williams & Davis*, for appellant.

*C. T. Roscoe, John C. Richards*, and *Charles R. Denney*, for respondent.

PARKER, J.—The prosecuting attorney of Snohomish county, by information filed in the superior court, charged that the defendant Reed, in that county, did carnally know and abuse a girl of the age of thirteen years, not his wife. A trial upon the merits in the

[1]Reported in 238 Pac. 920.

superior court resulted in a verdict finding the defendant guilty as charged, upon which, following the overruling of his motion for a new trial, judgment was rendered against him accordingly, from which he has appealed to this court.

It is first contended that the trial court erred in refusing to grant appellant a new trial upon the ground that the verdict is "contrary to the evidence introduced upon the trial." We deem it sufficient to say in answer to this contention that the record shows the introduction of direct testimony by the girl that appellant fully committed the act charged, which testimony was in some substantial manner corroborated by other testimony of attendant circumstances. The appellant testified to the contrary. The evidence being in this condition, it seems plain that we would not be warranted in disturbing the verdict on the ground that it is contrary to the evidence.

Some ten hours after the alleged commission of the act by appellant, the girl was examined physically by a doctor, who testified for appellant. He was asked by appellant's counsel and answered as follows:

"Q. Did you make an examination of her at that time, of her person? A. I did. Q. Did she show any bruises, or contusions, or abrasions, or lacerations of any kind? A. No, there was nothing of that kind disclosed by the examination. Q. Her person was normal as far as you know? A. Yes."

On cross-examination he was asked by counsel for the state:

"Q. Take the vagina of a child in that condition, is it possible for a male to have intercourse with a female without there being any lacerations?"

This question was objected to by counsel for appellant "on the ground it is not proper cross-examination," which objection being overruled, he answered

in the affirmative. It is here contended that this cross-examination was erroneous to the prejudice of appellant. The testimony of the doctor brought out on his direct examination manifestly was intended to give rise to an arguable inference that the absence of lacerations negatived the alleged recent sexual intercourse of the girl. The cross-examination and answer complained of were, we think, not legally objectionable, since they give rise to the contrary arguable inference that, in view of her physical condition as testified by the doctor, it was possible for her to have sexual intercourse without leaving evidence of lacerations, after the expiration of a period of some ten hours. Our decisions in *Patchen v. Parke & Lacy Machinery Co.*, 6 Wash. 486, 33 Pac. 976; *Coey v. Darknell*, 25 Wash. 518, 65 Pac. 760, and *Vowell v. Issaquah Coal Co.*, 31 Wash. 103, 71 Pac. 725, while not directly in point, lend support to our conclusion that the trial court did not abuse its discretion in permitting the doctor to be thus cross-examined by counsel for the state.

The trial court gave to the jury, among others, its instruction number nine, reading as follows:

"You are further instructed that all evidence, both direct and circumstantial, should be weighed and considered carefully, fully and fairly by you in arriving at your determination as to the guilt or innocence of the defendant. Circumstantial evidence means indirect evidence—the proof of certain facts and circumstances from which the existence or non-existence of ultimate and final facts required to be proved or disproved may be logically inferred. Such evidence is not to be rejected by you or denied consideration by you, merely because it is such, but it should be carefully scrutinized and considered. You should not hastily or lightly draw inferences and conclusions or indulge in speculation or guess, but you are permitted to and should draw logical, reasonable and fair inferences from proven

facts, and those inferred facts must be by you given such weight and effect as you deem them fairly entitled to receive, whether in favor of guilt or in favor of innocence. In this case you are instructed that if it is as logical to infer from some circumstantial fact, or set of facts, a conclusion which weighs as strongly in favor of innocence on the part of the defendant as in favor of guilt, it would be your duty to resolve that fact in favor of the defendant. If the circumstances, weighed in the light of all the other evidence in the case, do not permit of explanation upon any other reasonable hypothesis than that of guilt, your verdict should be that the defendant is guilty."

Counsel contend that the giving of this instruction was erroneous to the prejudice of appellant, saying:

"The objection to instruction number nine is that there is no circumstantial evidence in the case. The only evidence apart from the fact that all the parties went on the automobile ride, as to the commission of the crime charged, is the testimony of the complaining witness, Lillian Anderson, and the testimony of the appellant himself, in which he denied that anything improper had taken place between himself and the complaining witness."

We do not so view the evidence in this case. While the state did not depend exclusively upon circumstantial evidence to secure a conviction, it did depend upon, and introduce upon the trial, evidence of circumstances attending the commission of the act by the appellant, as directly testified to by the girl, which may well be characterized as circumstantial evidence. Not, it may be conceded, circumstantial evidence sufficient within itself to warrant a conviction, but circumstantial evidence which in a substantial manner supported the direct evidence of appellant having committed the act. These circumstances appearing from evidence other than the direct testimony of the girl, were that

appellant was a married man, thirty years old; that he was out riding with the girl in an automobile with another couple, from near eight o'clock in the evening until after one o'clock in the morning; that the girl was a stranger to him until they started on their ride; and that at about one o'clock appellant and the girl got out of the automobile and went to a somewhat secluded place, where they were alone for a short time.

Now this instruction, as we view it, is nothing more than a cautionary instruction, fully as favorable to appellant as to the state, telling the jury the difference between circumstantial and direct evidence. It is not of that character which is often given in cases where the attempted securing of a conviction is rested wholly upon circumstantial evidence. It is but a cautionary instruction relating to the circumstantial evidence in the light of all the other evidence. So viewing the instruction as we do, we are of the opinion that it was not prejudicially erroneous as against appellant. There has come to our attention but one decision seemingly directly in point, and even in that the problem as here presented is but very briefly noticed; it, however, supports the conclusion we here reach. *Joiner v. State,* 105 Ga. 646, 31 S. E. 556.

It is further contended that the trial court erred to the prejudice of appellant in giving its instruction number six, reading in part as follows:

"You are instructed that it is the provision of the statutory law of this state that 'any sexual penetration, however slight, is sufficient to complete sexual intercourse or carnal knowledge'."

It is argued that the evidence did not call for this instruction. We have seen that the girl's physical condition was such, as shown by the doctor's testimony, that the act might have been committed by but a slight degree of penetration, and thus account for the absence

of lacerations. We think the giving of this instruction was not erroneous.

The judgment is affirmed.

TOLMAN, C. J., MITCHELL, BRIDGES, and ASKREN, JJ., concur.