[No. 27451. Department Two. June 15, 1939.]

THE STATE OF WASHINGTON, *Respondent*, v. RAYMOND SNYDER, *Appellant*.[1]

[1] Reported in 91 P. (2d) 570.

*D. D. Kennedy,* for appellant.

*Henry M. Jackson, Leslie R. Cooper,* and *Philip Sheridan,* for respondent.

SIMPSON, J.—Appellant was charged by the prosecuting attorney of Snohomish county with the crime of knowing carnally and abusing a girl under the age of eighteen years, who was not his wife.

The information contained three counts, each charging the commission of the above mentioned crime on different dates. A trial to a jury resulted in a verdict of guilty upon each count. After motions for a new trial had been made and denied, judgment was rendered upon the verdict, from which this appeal has been prosecuted.

Error is urged on the part of the trial court in overruling appellant's motions for a new trial, in failing to order the prosecuting witness to appear before him for further examination after her affidavit, controverting her evidence given at the trial, had been filed in support of the motion for a new trial, and in not adding certain words to an instruction given.

Appellant contends that the trial court should have granted a new trial because of the insufficiency of the evidence to justify the verdict, the occurrence of errors during the trial to which exceptions were duly

taken, and the discovery of new material evidence which could not with reasonable diligence have been discovered earlier and produced at the trial.

The prosecuting witness testified that only the lips of her sexual organs had been penetrated on the occasions or at the times mentioned in the information. She further testified that these acts had occurred two or more times a week for a long period of time. The evidence of three witnesses showed that appellant, on two or three occasions previous to the trial, admitted that he had committed the acts to the extent testified to by the injured child. One doctor called as a witness stated that he had made an examination of the prosecuting witness and found no evidence of a puncture or injury to the hymen or other parts of her genital organs, and he and another doctor, who testified as an expert, in answer to a hypothetical question, including the evidence given by the girl, were of the opinion that the numerous acts of intercourse testified to by her could not have occurred without considerable injury to her sexual organs.

Rem. Rev. Stat., § 2437 [P. C. § 9109], states:

"Any sexual penetration, however slight, is sufficient to complete sexual intercourse or carnal knowledge."

This statute has been considered and given effect to by this court in the following cases: *State v. Kincaid,* 69 Wash. 273, 124 Pac. 684; *State v. Gay,* 82 Wash. 423, 144 Pac. 711; and *State v. Reed,* 136 Wash. 106, 238 Pac. 920.

This statute states the general rule adopted in this country and in England. 2 Bishop on Criminal Law (9th ed.), 838, § 1132; 1 Wharton's Criminal Law (12th ed.), 936, § 698; 22 Cal. Jur. 361.

The rule is well stated in 52 C. J. 1015, § 24(b), as follows:

"Penetration means that the sexual organ of the male entered and penetrated the sexual organ of the female; mere actual contact of the sexual organs is not sufficient; and if the female is not sufficiently developed to admit of the slightest penetration there can be no carnal knowledge. However, penetration to any particular extent is not required. Some statutes expressly provide that any sexual penetration, however slight, is sufficient to complete the crime, and such a provision applies to all the subdivisions of a statute defining the offense. And, generally, it is not necessary that the penetration should be perfect, the slightest penetration of the body of the female by the sexual organ of the male being sufficient; nor need there be an entering of the vagina or rupturing of the hymen; the entering of the vulva or labia is sufficient."

Of like import are: *Watkins v. State,* 78 Tex. Crim. App. 65, 180 S. W. 116; *Sanders v. State,* 127 Tex. Crim. App. 55, 75 S. W. (2d) 116; *Brown v. State,* 112 Tex. Crim. App. 92, 14 S. W. (2d) 63; *Williams v. State,* 53 Fla. 84, 43 So. 431; *People v. Courier,* 79 Mich. 366, 44 N. W. 571; *Rodgers v. State,* 30 Tex. App. 510, 17 S. W. 1077; *Kenney v. State,* 79 S. W. (Tex. Crim. App.) 817; *Rivers v. State,* 179 Ga. 782, 177 S. E. 564; and *Mirick v. State,* 83 Tex. Crim. App. 388, 204 S. W. 222.

There was sufficient evidence of the commission of the crime, if believed, to warrant the jury in finding that the penetration was sufficient so as to bring this case within the rule announced in Rem. Rev. Stat., § 2437.

It is next contended that the trial court abused its discretion in not calling before him for an examination the prosecuting witness after an affidavit had been presented in which she denied the truth of the evidence she had given at the trial.

It is true that the witness said in her affidavit, made subsequent to her testimony at the trial, that the appellant had not penetrated her sexual organs. How-

ever, an affidavit filed by Frederick A. Clanton, deputy prosecuting attorney of Snohomish county, shows that he had, after the prosecuting witness' affidavit had been filed, examined her relative to her testimony given at the trial and the matters contained in her affidavit and the reasons for making it. From the contents of Mr. Clanton's affidavits, it is clearly apparent that the prosecuting witness concluded that there was some penetration, but complete penetration had not taken place, and therefore the crime of rape had not been consummated.

From the various affidavits presented, the trial court had complete information concerning the attitude and conclusions of the complaining witness. He had seen her in the court room, observed her demeanor on the witness stand, and heard her testimony. By reason of the knowledge he had secured he was in a position to rule upon the motion for a new trial without calling the witness before him for further examination concerning the evidence that she had given at the trial.

The facts presented by the affidavits for a new trial do not bring them within the rule announced in *State v. Powell*, 51 Wash. 372, 98 Pac. 741.

The rule to be followed by the trial court in determining his action relative to the consideration of an affidavit presented by a witness concerning testimony given at a trial is well stated in *State v. Wynn*, 178 Wash. 287, 34 P. (2d) 900, in which this court stated:

"Recantation by an important witness of his or her testimony at the trial does not necessarily, or as a matter of law, entitle the defendant to a new trial. The determination of such matters rests in the sound discretion of the trial court, and its action will not be set aside except for clear and manifest abuse.

"The trial judge is in a peculiarly advantageous position, under the prevailing circumstances, to pass

upon the showing made for a new trial. He has the benefit of observing the witnesses at the time of the trial, is able to appraise the variable weight to be given to their subsequent affidavits, and can often discern and assay the incidents, the influences, and the motives, that prompted the recantation. He is, therefore, best qualified to determine what credence or consideration should be given to the retraction, and his opinion is accordingly entitled to great weight. If the rule were otherwise, the right of new trial would depend on the vagaries and vacillations of witnesses rather than upon a soundly exercised discretion of the trial court.

"The untrustworthy character of recanting testimony is well known by those experienced in the trial of criminal cases, and when such testimony is offered, it calls for a rigid scrutiny. When the trial court, after careful consideration, has rejected such testimony, or has determined that it is of doubtful or insignificant value, its action will not be lightly set aside by an appellate court."

An examination of the evidence and the affidavits presented to the court convinces us that the trial judge did not abuse his discretion in not calling the girl before him for examination concerning her testimony given on the stand, and the matters set out in her affidavit. Nor did he abuse his discretion in any way when he denied the motion for a new trial.

We cannot consider the assignment of error concerning the instruction complained of, for the reason that the instruction was not set out in appellant's brief. Rule XVI (5), Rules of Court, 193 Wash. 25-a; *Smith v. Eldridge Motors, Inc., ante* p. 10, 90 P. (2d) 257, 93 P. (2d) 1120.

Finding no error, we affirm the judgment.

BLAKE, C. J., BEALS, MAIN, and GERAGHTY, JJ., concur.