*Present—CHARLES J. McDONALD,  } Judges.
         HENRY L. BENNING,

---

No. 1.—JAMES A. LYON, plaintiff in error, *vs.* THE STATE
OF GEORGIA, defendant in error.

[1.] The admissions of a defendant, not on his trial, are inadmissible on the
trial of the party, jointly indicted with him.

[2.] If a request to charge the jury, though sound as a legal principle, is not ap-
plicable to the proofs of the case, it is no error in the Court to refuse to
charge it in the words of the request.

HARVARD LAW SCHOOL LIBRARY

Indictment for an assault with intent to murder, in
Washington Superior Court. Tried before Judge HOLT, at
March Term, 1857.

Robert Cox and James A. Lyon, were jointly indicted for
an assault with intent to murder Alexander G. Lawson. Cox
failed to appear, and Lyon only was put on trial.

In the course of the trial, defendant's counsel proposed to

---

* Judge LUMPKIN was absent during this Term of the Court, on account of
indisposition.

ask two witnesses, one introduced on the part of the State, and the other on the part of the prisoner, "whether or not they had heard Cox acknowledge that he had shot the prosecutor Lawson, at the time and place charged in the indictment." The Court excluded the testimony on the ground that said acknowledgments were not legal evidence in behalf of defendant Lyon.

To which counsel for prisoner excepted.

After the conclusion of the testimony, the counsel for prisoner requested the Court in writing, to charge the jury, "that an actual assault by the person killed upon the person killing, may reduce the offence to the grade of manslaughter."

Which charge the Court refused to give in the language requested, and counsel excepted.

The jury found the defendant guilty: whereupon his counsel moved a rule for a new trial, which the Court refused, and counsel excepted.

H. WILLIAMS, and F. S. BARTOW, representing JENKINS, for plaintiff in error.

McLAWS, Attorney General, for defendant in error.

*By the Court.*—McDONALD, J. delivering the opinion.

[1.] The Court properly rejected the admission of Cox, that "it was he who had shot the prosecutor at the time and place stated in the bill of indictment." There is no sound principle upon which it can be admitted. Though jointly indicted with the defendant on trial, he was not on his trial. This Court has held that a witness jointly indicted with a defendant on his trial is competent, if he be not also on his trial. *Jones vs. The State*, 1 *Kelly* 610. In that case, the parties had severed on the trial. The witness was not a party to the issue to be tried, and upon that ground he was considered competent. Cox is not a party to the issue here, and being a

competent witness, his admissions ought not to have been received. But it is not on that account alone that his admissions ought to have been rejected. He was jointly indicted, and to have admitted his declarations to acquit his accomplice, would be recognizing a principle, which would, in all such cases, subvert the ends of justice. All one defendant would have to do, would be to admit that his guilty accomplice was innocent, and that he himself had perpetrated the crime, absent himself so as to enable the party on his trial, to have the benefit of his admission, and after his acquittal, appear, demand his trial and prove by the evidence of the acquitted party, that he was in fact the guilty person. It is true that the jury might justly entertain strong suspicion of testimony given under these circumstances, and perhaps, without corroboration, discard it entirely, as they ought to do; but if corroborated by circumstances too slight, standing alone, to have much influence on their judgment, they might give credence to it. But the other ground is sufficient. According to the decision of this Court, his admissions were no more receivable as evidence, than the admissions of any other witness. It is true, that if the defendants had been tried together, the evidence ought to have been admitted, but not as testimony in favor of the other defendant, but as proof of the guilt of Cox.

It was no reason for the admission of the testimony offered by the defendant, that the State had given the sayings of Cox in evidence. If counsel for the defendant thought proper to allow them to be given without objection, it is no reason for admitting them, if illegal, when offered by the defendant, and objected to by the Attorney General.

[1.] We think there was no error in the refusal of the Court to give the charge as requested. The request was simply an abstract principle of law, proper or not, according to the proof in the case in which the request was made. In this case, the defendant was a trespasser on the prosecutor's premises, at a late hour of the night. He carried deadly wea-

pons with him, which it was unlawful for him to carry, and the evidence shows he was quite ready to use them. He knew he had no right on the premises, and supposed that the owner, if he found him there, would probably attempt to drive him off, and went prepared to take his life if he did. No assault that could have been made upon him by the prosecutor, short of an attempt to take the life of the intruder, or made in a manner to induce the apprehension that such was the intention, could have reduced the killing, if he had killed the owner, from murder to manslaughter. His going armed with a loaded pistol—prepared to meet any emergency, is evidence of malice. If it was a contrivance to get the prosecutor to assault him that he might take his life, it would have been murder, if he had killed him. If he went there to defy all resistance of his purpose, the prosecutor might have been justified, not only in assaulting, but killing him. It is not necessary to extend remarks on the subject. It might be improper to do it. It is sufficient to say, that there was no error in the refusal of the Court below to give the charge as requested, and that the judgment must be affirmed.

Judgment affirmed.