KELLY *vs.* THE STATE OF GEORGIA.

1. Where there are three grades of offence, and the evidence is equally consistent with any one of the three, a conviction of the highest grade is not warranted. To convict of burglary rather than of larceny from the house, or receiving stolen goods knowing them to be stolen, the evidence should be sufficient to exclude all reasonable doubt as to the fact that the house was closed and the goods within it at the time of the alleged burglary.
2. That another person, also under indictment for the same offence, has admitted that he was the guilty party, is not evidence in favor of the accused on trial.
3. Where a conversation is referred to by a witness, and is relevant only as matter of inducement to explain why he entered upon a certain investigation, it is better to admit the fact of the conversation, but to exclude all the details and particulars of the same.

March 18, 1889.

Criminal law. Burglary. Larceny. Evidence. Practice. Witness. Before Judge SMITH. Chattahoochee superior court. September term, 1887.

Reported in the decision.

C. J. THORNTON, Z. A. LITTLEJOHN and B. A. THORNTON, for plaintiff in error.

A. A. CARSON, solicitor-general, by J. M. McNEILL, for the State.

BLECKLEY, Chief Justice.

The indictment was for burglary, and the accused was found guilty. His motion for a new trial was overruled. The house alleged to have been broken and entered was the property of Wooldridge, and consisted of two rooms, in one of which Louis Logan, a colored man, resided. In the other were stored certain articles of personal property, including a quantity of guano in sacks. This room had a door, which was kept locked. It also had a window, through which the employés of Wooldridge, the owner, entered and carried out the guano as it was needed for use. The window had a sash, which was raised and lowered as occasion required. There is no direct evidence that Kelly either broke or entered this room. The inculpating evidence against him is, that a sack of the guano was found in his possession at his house, some three miles distant from these premises, and his wagon was tracked from a point some two hundred yards from the place where the guano was stored, to his house. It is certain that his wagon was used to haul the sack, and there is no evidence, save his own statement, that it was not so used by himself. His explanation is, that he bought the guano from Louis Logan, and that Logan borrowed his wagon for the purpose of making delivery. There is no want of sufficiency in the evidence to justify the conviction, save that it lacks sufficient force upon the question of breaking and entering. Wooldridge, the owner of the guano and of the house in which it was stored, testifies that he was absent from home during the night when the burglary is supposed to have been committed; that on the previous day his employés were taking out guano through the window; that in the evening (meaning the afternoon) he saw the window, and the sash was

then down; that sometimes the window was left open in the daytime; at night it was secured,—such were his orders, and "if it were not secured that night, it was their carelessness—it was contrary to orders." He testified that when he returned home next day, he found the sash up, but that his hands had already carried out one load of guano that day.

None of his emoloyés were examined, and so there is no certainty whether they raised the sash and left it up the previous afternoon, or in what condition it was found when they resumed work the next morning. The failure of the State to examine these employés or to account for their non-production is wholly unexplained. It is obvious that the owner did not rely upon himself to keep the window secure at night. He speaks of the carelessness of others, and by others he must mean either his employés or Louis Logan, who occupied the adjoining room in the building. It is plain that he did not know of the condition of the window at the beginning or at the end of the night on which the alleged offence was committed. If the sash was left up, and Kelly entered and took the guano from the room, his offence was larceny from the house. If the sack which he received was taken therefrom by another—say Louis Logan or one of the employés,—Kelly's offence was probably only that of receiving stolen goods knowing them to be stolen. The evidence in the record is just as consistent with the hypothesis of larceny from the house, or of receiving stolen goods, as with that of burglary. While Wooldridge identified the stolen sack as one which had been in that house, he did not know that it was in the house on the night in question. There had been opportunity during the whole week for it to have been taken therefrom by his employés, —for he says they had been hauling out guano for a week. It seems to us there ought to be a new

trial, and that Wooldridge's employés should be brought forward, as well as himself, to show that the stolen sack of guano was probably in the house on the night in question, and to show what condition the window was left in when the employés last used it on the day preceding, and what condition it was in when they first used it on the morning following. *Williams vs. The State,* 52 *Ga.* 580. Where there are three grades of offence, and the evidence is equally consistent with any one of the three, the conviction of the highest grade seems to us unwarranted.

. 2. The accused offered evidence that Louis Logan, who was also indicted for the offence, told a certain witness that he (Logan) had entered the house and taken the guano. This evidence was properly rejected. The identical question was distinctly ruled in *Lyon vs. State,* 22 *Ga.* 399. In that case two persons were indicted together in the same indictment, and it was ruled that the admissions of one against himself were not evidence in favor of the other. And upon the general question of such admissions, the law is so well-settled that it seems unaccountable that the point should ever again make its appearance. 1 Wharton Crim. Law, §662; Smith *vs.* State, 9 Ala. 990; Snow *vs.* State, 58 Ala. 372; West *vs.* State, 76 Ala. 98; State *vs.* Duncan, 6 Ired. 236; Rhea *vs.* State, 10 Yerg. 256; *Moughon vs. State,* 57 *Ga.* 102; *Daniel vs. State,* 65 *Ga.* 199.

· 3. The court admitted, in behalf of the State, a conversation of one witness with a third person, as mere inducement, to account for investigation by the witness. This evidence did no harm; but we think it would have been more regular to admit only the fact that a conversation occurred, without going into the particulars of what was said. The fact itself was all that was

needed to show inducement, and certainly the conversation was not admissible for any other purpose. Some other questions were raised in the motion for a new trial, but as they will have no relevancy on a future trial, it is unnecessary to discuss them.

Judgment reversed.