on the witness's evidence, and the evidence that would be material to the issue on trial, or anything else under said law; and on the failure to charge that the evidence relied on by the State to convict was circumstantial, and in order to convict on such evidence it should be so strong or convincing as to exclude every reasonable hypothesis except that of the guilt of the defendant.

D. H. Pope, for plaintiff in error.
W. N. Spence, solicitor-general, *contra*.

---

### Briscoe and Mathis *v.* The State.

Simmons, J.—Newly discovered evidence that another person has admitted that he and certain others committed the offense, is no cause for a new trial, inasmuch as the admissions would not be competent evidence in behalf of the accused were a new trial ordered. *Kelly* v. *The State*, 82 *Ga.* 441, and cases cited. The evidence warranted the verdict, and there was no error in denying a new trial.                                           *Judgment affirmed.*

October 8, 1894.

Indictment for assault with intent to rob. Before Judge Henry. Floyd superior court. March term, 1894.

G. A. H. Harris and J. B. F. Lumpkin, for plaintiff in error. W. J. Nunnally, solicitor-general, *contra*.

---

### Bowman *v.* The State.

Simmons, C. J.—The evidence to sustain the verdict not being altogether satisfactory, there being some evidence of an *alibi*, and the newly discovered evidence consisting in part of the affidavit of one who deposed, after his own conviction and after the trial of the accused, that deponent and another person, not the accused, committed the crime, that the accused was not present when it was committed and had not participated in it, and these facts not having been disclosed by the deponent until after the accused had been convicted and sentenced, a new trial should have been granted.                                           *Judgment reversed.*

November 26, 1894.