## DELK *v.* THE STATE.

1. A person being tried for the commission of a crime receives "the privilege and benefit of counsel" within the meaning of the fifth paragraph of the "bill of rights" (Code, §4997) whenever, being himself unwilling or unable from proverty or other cause to procure counsel of his own choice, the court assigns to his defense counsel from members of the legal profession who may be present at the time of the trial and who undertake in good faith to represent the interests of the accused. In such case it will, in the absence of satisfactory proof to the contrary, be presumed that the counsel so assigned are of sufficient experience and possess the requisite legal attainment to satisfy the constitutional requirement above cited.

2. If, after conviction, other counsel be employed by the accused, who move for a new trial, claiming that the counsel actually assigned by the court to represent him at the trial were so inexperienced and incompetent as that their appearance upon

'his behalf did not amount to giving to the accused the benefit
of counsel, the question thus sought to be raised is not pre-
sented where neither the motion is made upon that ground nor
the evidence submitted in support of it authenticated in such
manner as to authorize its consideration by this court.

3. There was no error in refusing to continue a murder case in
order to allow the accused to obtain evidence tending to show
that a person jointly indicted with him had confessed the per-
petration of the homicide.

4. This court will not reverse the judgment of a trial judge in
refusing to grant a continuance upon grounds or for reasons
not made or stated when the motion for a continuance was pre-
sented. Accordingly, where counsel for the accused did not in-
form the judge that they needed or desired additional time to
prepare the defense, or ask for a continuance of the case or a
postponement of the trial in order that they might have fur-
ther time for this purpose, this court cannot assume that such
time was needed, or hold that the trial judge should have al-
lowed it without being so requested.

5. The evidence fully warranted the verdict; it does not appear
that the accused was denied or deprived of any of his legal or
constitutional rights; and there is nothing in the motion for a
new trial, nor any reason disclosed by the record, which would
warrant this court in reversing the judgment of the court
below.

Argued October 5,—Decided October 19, 1896.

Indictment for murder.    Before Judge Beck.    Pike
superior court.    Special term, May, 1896.

*Frank M. O'Bryan,* for plaintiff in error.

*J. M. Terrell, attorney-general, O. H. B. Bloodworth,
solicitor-general, J. F. Redding* and *E. F. Dupree,* contra.

ATKINSON, Justice.

The plaintiff in error, Tom Delk, jointly with Taylor
Delk and Tom Langford, was indicted for the offense of
murder, and at a special term of Pike superior court was
tried and convicted of that offense. Not having counsel
or the means to employ one, the court appointed certain
members of the bar to represent him. When the case was
called for trial, the defendant by his counsel moved for a
continuance upon the ground of the absence of two wit-

nesses by whom it was alleged that he expected to prove that Tom Langford, one of the persons jointly indicted with him, had, since the perpetration of the offense for which they were indicted, confessed that he himself, and not the defendant, had committed the homicide; and upon the further ground of the absence of a witness by whom he expected to prove that, prior to the killing, Tom Langford had, in the presence of the absent witness, made threats to the effect that he intended to return to the county in which the homicide occurred and kill the person for whose murder they were afterwards jointly indicted. The truth of the facts to which the last named witness would have testified had he been present was admitted and not contested upon the part of the State. The court overruled the motion to continue. After conviction, a motion for new trial was made upon the general grounds that the verdict was contrary to law, evidence, etc.; upon the further ground that the court erred in refusing to grant the continuance moved for as above indicated; upon the further ground that the court did not of its own motion generally continue said case in order to allow counsel appointed time for the preparation of the defense; and upon the further ground that the defendant had been denied the benefit of counsel to which he was entitled under the constitution and laws of this State. No reason appears in the record why the court should of its own motion have continued generally the cause in order to give the counsel appointed time for the preparation of the case. There is nothing in the record to suggest that sufficient time was not allowed for this purpose. The motion for new trial was overruled, and the defendant excepted.

1. Paragraph 5, section 1, article 1 of the bill of rights as declared by the constitution of this State provides, amongst other things, that every person charged with an offense against the laws of this State shall have the privilege and benefit of counsel. This is a privilege which

belongs to every citizen of this State, without the slightest reference to his condition in life, and cannot be legally denied him by the courts. The law in its humanity recognizes this right and privilege, and the legal profession, be it said to its credit, has never, so far as we are informed, in any case, in any court, in this State permitted any man, however humble and helpless he may have been, to be put upon trial for the commission of any offense without providing for him the means of enjoying this privilege. The most indigent of criminals, under the benign system which prevails in this State, have on many occasions been furnished with the ablest and most learned of lawyers to represent them before the courts, without fee or reward or the hope thereof. Our courts have uniformly adopted the practice of assigning counsel to represent indigent criminals in all cases when they were unable to employ counsel to represent them. Even pleas of guilty have been rarely accepted until counsel assigned to the defense of such criminals have looked into the merits of the cause and recommended their acceptance by the court. The practice outlined here was pursued in the present case. Counsel, able and willing to represent the defendant, undertook his defense, and from the record appear to have seen to it that none of his legal rights were denied him upon the trial. It being the duty of the circuit judge to assign counsel to represent this defendant, it will be presumed that he assigned lawyers who were both willing and able to discharge their full duty toward him, and that presumption is strongly supported by the incidents of the trial as they appear in the record. Being unable or unwilling to employ counsel to represent him, but being represented by counsel assigned to him under the universal practice which prevails in this State, it cannot be said that he has been denied the benefit of counsel within the meaning of the constitutional provision above quoted.

2. If in such a case, after conviction, other counsel be

employed who make a motion for new trial, claiming that the counsel thus appointed were so inexperienced and incompetent as that their appearance did not amount to giving the accused the benefit of counsel, such question cannot be reviewed in this court, unless it be made a special ground of the motion for new trial, and be supported by evidence so authenticated as to authorize its consideration here. In the present case, while it was argued at the bar of this court that the counsel thus appointed were too inexperienced to properly represent the accused, there is nothing in the record to suggest that such a ground was urged in the court below as a reason why a new trial should there be granted. Even if the motion for new trial had been predicated upon this as one of its grounds, the affidavits insisted upon as sustaining this proposition were neither incorporated in the bill of exceptions, nor otherwise so authenticated as to authorize this court to recognize them as evidence. In so far as the objection to the verdict rests upon the ground that the accused did not have the benefit of counsel, we think it wholly without merit.

3. The motion to continue was properly overruled. In so far as it rested upon the absence of the witness by whom it was expected to prove threats upon the part of Langford against the deceased, its force was destroyed by the admission of the State as to the truth of the facts concerning which the alleged witness would have testified had he been present. In so far as it rested upon the absence of the witnesses by whom it was proposed to prove the confessions of Tom Langord that he himself, and not the accused, had committed the homicide, it was properly overruled. Such confessions would not have been admissible in evidence in favor of the defendant. See *Kelly* v. *The State*, 82 *Ga.* 441-444, and authorities cited.

4. The contention that the court should have generally continued the case is equally without merit. It does not appear from the motion for a new trial, or any portion of

the record so authenticated as to authorize its consideration by this court, that any motion at any time to this effect was made in the court below, or any reason stated why the court should not then proceed with the trial of the cause. This court will presume, in the absence of a legal showing to the contrary, that there was nothing in the prisoner's environment and nothing in the temper of the public mind which would prevent his having a fair trial, and particularly will this presumption be indulged in favor of the action of the circuit judge when no reason is assigned why his discretion in proceeding with the trial should not be upheld.

5. It would not be profitable to state at length the evidence submitted at the trial and upon which the accused was convicted. After a careful examination of the entire record, this court is unable to find a single circumstance which would render a verdict other than that pronounced in the present case legally possible. We conclude therefore that the accused was properly convicted, and the judgment denying a new trial is accordingly          *Affirmed.*