## PERRY v. THE STATE.

1. There was no error in overruling that ground of the motion for a new trial which was based upon alleged newly discovered evidence.
2. The trial judge occupies the position of a trior when passing upon a ground of a motion for a new trial in a criminal case based upon an alleged expression of opinion of one of the jurors, previously to the trial, as to the guilt of the accused.   His finding that the juror was competent will not be reversed unless it is apparent that he has abused the discretion which the law vests in him in such cases.
3. There was no error in any of the rulings complained of.

Argued June 15,— Decided June 25, 1903.

Indictment for murder.     Before Judge Fite.     Whitfield superior court.    May 11, 1903.

*W. E Mann, J. A. Glenn, G. G. Glenn,* and *J. B. Terry,* for plaintiff in error.    *John C. Hart, attorney-general,* and *Samuel P. Maddox, solicitor-general,* contra.

COBB, J.    1. This is an extraordinary motion for a new trial in a murder case where the accused is under sentence of death.   A new trial is sought upon the ground of what is claimed to be newly discovered evidence, and on account of the alleged disqualification of a juror.    The alleged newly discovered evidence consisted of the testimony of witnesses who were present at the scene of a difficulty between the accused and the deceased, which preceded the killing, and is claimed to have been sufficient provocation for the homicide.    The substance of all this testimony is that the accused was very badly treated and roughly handled by the deceased in the circus-tent where the trouble occurred, and apparently without any sufficient provocation, the conduct of the deceased being such as to provoke and justify resentment.    Let it be conceded that the newly discovered evidence is sufficient to show, as is contended, that the conduct of the deceased in the tent was unprovoked, unjustifiable, and had a tendency to arouse just resentment.    Let it be also conceded that this evidence is not cumulative of any evidence introduced on the trial, and that neither the accused nor his counsel were lacking in diligence in not discovering the evidence before the trial.    Treating the evidence in this way, there was nothing in it to authorize the granting of a new trial.    It does not appear in the present record how long this was before the killing.    It does appear, however, from the copy of the statement of the accused on the

trial, which is in the present record, that what occurred in the tent was set up as the justification for the homicide. The killing not having occurred immediately after the provocation was given by the assault and harsh treatment in the tent, this conduct on the part of the deceased would not reduce the killing to manslaughter, unless it was made to appear that the killing followed so closely that sufficient time had not elapsed for the voice of reason and humanity to be heard. It was incumbent upon the movant in this case to show that such time had not elapsed, and as the record is entirely silent on this subject, no other proper disposition could have been made of the motion than to refuse it. An ordinary motion for a new trial will not be granted on the ground of newly discovered evidence, unless the evidence is of such a character as to probably change the result upon another trial. See *Jones* v. *State,* 117 *Ga.* 710. Ordinary motions for new trial on the ground of newly discovered evidence are not favored, and extraordinary motions upon this ground are less favored. There was no error in overruling this ground of the motion. See, in this connection, *Jinks* v. *State,* 117 *Ga.* 714.

2. The other ground of the motion was that Tibbs, one of the jurors, had formed and expressed an opinion as to the guilt of the accused before he was sworn as a juror. Three witnesses testified in substance that Tibbs said, in effect, that Perry ought to be hung, and that if he was on the jury the accused would be hung. On this question the judge heard evidence by affidavits both in behalf of the accused and the State. The juror denied making the alleged prejudicial statements. There were witnesses who testified that the juror was a man of good character and worthy of belief, and also testimony of jurors who stated that during the consideration of the case Tibbs appeared to be actuated by no other motive than to arrive at a just conclusion in the case. On the other hand, there was testimony of witnesses that Tibbs was a man of bad character and unworthy of belief. The judge heard all of this evidence and reached the conclusion that the juror had successfully met the attack that had been made upon him. According to the repeated rulings of this court, when passing upon a matter of this kind the judge acts as a trior, and his judgment is not to be interfered with unless he has manifestly abused the discretion vested in him. See *Jones* v. *State,* supra. Nothing appears in the present case to take

it out of the ordinary rule, and the judgment of the judge will not be interfered with.

3. The point is made in the record that affidavits can not be used by the State on motions for new trials in criminal cases; that the accused is entitled to be confronted by the witnesses. The court allowed affidavits to be used in all cases where affidavits could be procured and where the parties were unwilling to give affidavits they were brought into court under the provisions of the Civil Code, § 5323. It is claimed that the accused, by the use of affidavits by the State, was deprived of the right of being confronted by the witnesses, and that this right is guaranteed to him under the constitution of the United States and the constitution of this State. It has been the practice in this State for fifty years, and probably for a much longer time, to allow the State to meet an application for a new trial by affidavits, whenever a ground in the motion is based upon a matter which is required to be supported by evidence. The accused has been allowed to support such a ground by ex parte evidence in the form of affidavits, and the State has been permitted to meet this showing by similar evidence in the form of affidavits. See *Anderson* v. *State*, 14 *Ga.* 709 ; *Mathis* v. *State*, 18 *Ga.* 343 ; *Buchanan* v. *State*, 24 *Ga.* 282 ; *Westmoreland* v. *State*, 45 *Ga.* 225. In only one case, so far as we are advised, was the legality of this practice ever questioned in this State; and while no ruling was made on the subject, all that was said by the court was rather in approval than in condemnation of the practice. See *Mathis* v. *State*, supra. If the provisions of a constitution guaranteeing to one accused of crime the right to be confronted by the witnesses have in any jurisdiction ever been held applicable to issues arising on motions for new trial after verdict, our attention has not been called to the decision. In the absence of controlling authority requiring us to do so, we will not disturb a practice which has been, so far as we are advised, uniformly followed from the earliest history of this State.

The judge refused to consider several affidavits offered by the accused at the hearing of the motion. Two of these affidavits related to statements made by the deceased. The judge properly refused to consider these affidavits. There was nothing to bring them within the rule in reference to dying declarations; and even if a new trial had been granted, the testimony in these affidavits

would have been inadmissible. Two of the affidavits which the judge refused to consider were offered to establish that in the trial of a criminal case Tibbs, the juror, had been impeached by proof of general bad character. The propriety of refusing to consider this testimony is manifest. The other affidavit which the judge refused to consider was made by Fincher, and set forth a conversation which one Kidd claimed to have had with the juror Tibbs. The propriety of rejecting this affidavit is also manifest. We do not think the judge erred in any of the rulings complained of.

*Judgment affirmed. All the Justices concur.*