Harris *v.* Roan, judge.

By the Court. 1. The general rule is that when the refusal of a new trial in a criminal case has been affirmed by this court, no second bill of exceptions can be allowed. The only exception to this general rule is such " an extraordinary motion or case " as is specified in the Civil Code, § 5487.

2. The extraordinary motions or cases contemplated by the statute are such as do not ordinarily occur in the transaction of human affairs ; as, when a man has been convicted of murder, and it afterwards appears that the supposed deceased is still alive, or where one is convicted on the testimony of a witness who is subsequently found guilty of perjury in giving that testimony, or where there has been some providential cause, and cases of like character. *Cox* v. *Hillyer*, 65 *Ga.* 57.

3. Alleged newly discovered evidence which is cumulative of that presented on the trial, or which merely tends to impeach a witness examined at the trial, or which establishes a nervous disease or bodily eccentricity which was in existence at the time the crime was committed and must have been known to the accused at the time of the trial, furnishes no sufficient reason for granting an extraordinary motion for a new trial.

4. The existence of excitement in the public mind, resulting from the commission of the crime, producing fear in the mind of the accused, so as to deter him from furnishing his counsel with information necessary to prepare his defense, even if in any case a sufficient reason to grant a new trial on extraordinary motion, will not be when the time elapsing between the verdict and the final order on the ordinary motion is such that the apprehensions in the mind of the accused must have abated.

5. When an alleged extraordinary motion for a new trial is entirely without merit, it is proper for the judge to decline to entertain the same and to refuse to grant a rule nisi thereon.

6. This court will not by mandamus compel a judge to certify a bill of exceptions assigning error upon the refusal of the judge to entertain an extraordinary motion for a new trial and grant a rule nisi thereon, when it appears that such motion is without merit. *Malone* v. *Hopkins*, 49 *Ga.* 221 ; *Cox* v. *Hillyer*, 65 *Ga.* 57 ; *Hanye* v. *Candler*, 99 *Ga.* 214 ; *White* v. *Butt*, 102 *Ga.* 552 ; *Perry* v. *Candler*, 102 *Ga.* 368.

7. The case of *Taylor* v. *Reese*, 108 *Ga.* 379, was where the judge refused to certify the first bill of exceptions in the case, which complained of errors at the trial and was sued out in due time thereafter. The case of *Sears* v. *Candler*, 112 *Ga.* 381, did not involve any question relating to an extraordinary motion for a new trial, and therefore the present ruling is not in conflict therewith.          *Mandamus nisi denied. All the Justices concur.*

Submitted and decided January 13, 1904.

Application for mandamus.     *S. C. Crane*, for movant.