## WEST v. THE STATE.

1. Evidence of a declaration by another person that he committed the homicide for which the accused was on trial was not admissible.

2. Statements by the accused, just after he was shot down by members of a posse while fleeing from the place of the homicide, made in answer to questions of what he was doing there, and whose was the gun he had, were part of the res gestæ.

3. Guns, pistols, etc., held admissible over objection offered.

4. The charge to the jury, upon the contentions of the State, touching conspiracy and the identity of the accused as the person who committed the homicide alleged, was not error for the reasons assigned in the exception.

5. An inaccuracy in part of the instruction as to conviction on circumstantial evidence was no cause for new trial.

6. An instruction following the charge on justifiable homicide and the right to kill in defense of habitation was erroneous in the circumstances.

7. An instruction on the defendant's contention as to want of authority in the sheriff, or his posse to make an arrest, was not erroneous as submitting to the jury facts that should have been decided by the judge as matter of law.

8. Instructions relating to conspiracy to commit murder, held authorized by the evidence.

9. A request for charge on right to resist an unlawful arrest was confusing; and there was no error in refusing it.

10. Refusal of requests for instructions covered, so far as they correctly stated applicable principles of law, by the charge as given to the jury, afforded no cause for a new trial.

11. Incriminatory statements by the accused were no basis for an instruction on the law of confessions of guilt.

No. 3545.    APRIL 13, 1923.

Indictment for murder. Before Judge Gower. Dooly superior court. November 21, 1922.

*G. C. Robinson* and *W. V. Harvard,* for plaintiff in error.

*George M. Napier, attorney-general, J. B. Wall, solicitor-general, Seward M. Smith, assistant attorney-general, E. B. Dykes, Watts Powell,* and *T. Hoyt Davis,* contra.

ATKINSON, J. Lawyer West, having been jointly indicted with others for the murder of Robert Davis, was separately tried and found guilty. He excepted to the refusal of a new trial. This is the second appearance of the case in the Supreme Court. *West v. State,* 153 *Ga.* 327 (112 S. E. 150).

1. The declaration of another person that he committed the killing for which the accused was on trial was not admissible on

behalf of the latter. *Green* v. *State,* 153 *Ga.* 215 (2) (111 S. E. 916).

2. Testimony was admitted to the effect that the defendant, being one of a number of persons assembled at the home of Fate Chapman, was shot down by members of a sheriff's posse while fleeing from the place; and that immediately afterwards and while he was prostrate, a witness, a member of the posse, pointed his gun at defendant, who exclaimed, " Don't shoot," and added that he was already killed. Witness did not shoot, but asked the defendant " what he was doing there, . . whose gun is that? " and defendant said " that it belonged to his father, and . . that his father gave him that gun and some shells and told him to come there and protect Mr. Chapman." This evidence was properly admitted as a part of the res gestæ. *West* v. *State,* supra.

3. Certain guns, pistols, ammunition, and empty shells were admitted over objection. The assignment of error based on the admission of this evidence is also controlled adversely to the plaintiff in error, by the decision in the case of *West* v. *State,* supra.

4. The court charged the jury: " Among other things, the State contends that the defendant and others associated with him entered into a conspiracy to do the act alleged in the bill of indictment, to wit, to commit murder, to take human life; and the State further contends that it has established, regardless of whether a conspiracy is shown to your satisfaction beyond a reasonable doubt, that is has established, according to the State's contention, the fact that this defendant is the man himself who did the killing of the deceased, Robert Davis. The State relies, however, in both instances upon circumstantial evidence, to establish whether or not a conspiracy is shown, and I will charge you upon that subject later; and it relies also upon circumstances to show that this defendant is the man who shot and killed Robert Davis, as mentioned in the State's bill of indictment." The above-quoted charge was not error for the following alleged reasons: (*a*) " That the court charged the jury, as is shown by this excerpt, that defendant merely intended to commit a murder; and it is contended by movant that the State must prove its case as laid, to wit: that the defendant intended to kill and did kill Robert Davis, and that the charge of the court must follow and conform to the allegations of the indictment . . ." (*b*) The instruction

was " in the alternative," and improperly submitted to the jury the theory of guilt based on commission of the homicide by the defendant personally, and on commission of the homicide by one other than the defendant in pursuance of a conspiracy among several persons including the defendant.

5. Where the judge charged the jury in the language of the Penal Code, § 1010, which provides, " To warrant a conviction on circumstantial evidence, the proved facts must not only be consistent with the hypothesis of guilt, but must exclude every other reasonable hypothesis save that of the guilt of the accused," it was not entirely accurate, but no cause for a new trial, to follow such instruction with the language: " In other words, the evidence must not only be consistent with this defendant's guilt, but it must be inconsistent with his innocence." In this connection see *Hamilton* v. *State,* 96 *Ga.* 301 (22 S. E. 528) ; *Toler* v. *State,* 107 *Ga.* 682 (33 S. E. 629).

6. The judge read to the jury section 70 of the Penal Code, referring to the defense of justifiable homicide and the right to kill in defense of habitation, and immediately thereafter charged as follows: " A felony is an offense punishable by death, or imprisonment in the penitentiary, You will notice that it is only when a felony is intended that a killing is justifiable. If the assailant intends to commit a trespass only — and the court don't mean to intimate that anybody assaulted anybody else,— but if the assailant intends to commit a trespass only, to kill him is manslaughter. If he intends a felony the killing is self-defense, and justifiable. Therefore it becomes your duty to determine what the intention of the parties were who surrounded Fate Chapman's house and arrested and took charge of some parties therein, as contended by the defendant." After giving such instruction the judge did not make it plain to the jury that the instruction above quoted did not apply to the defense of habitation. In the circumstances the charge above quoted was erroneous. *Wall* v. *State,* 153 *Ga.* 309 (7) (112 S. E. 142) ; 2 Bishop's Cr. Law, § 1259.

7. The court instructed the jury: " You will notice that it is contended, among other things, by the defendant in this case that the sheriff nor any of those with him had any warrant. He contends that there was no law violated, and that under the general law which I have just read you that there was no legal

authority for the sheriff or his posse to make any arrest; that the arrests and attempted arrests were illegal. Of course the court don't mean to intimate whether they were legal, illegal, or what not, or whether there was any such made or not. That is your business to find out. I have just read you the general rule of law." This charge was not error because, as contended, the judge submitted for determination of the jury facts which should have been decided by the judge as a matter of law.

8. The judge charged the jury: "A conspiracy may be defined as a combination or agreement between two or more persons to do something that is unlawful. It is for the jury to determine in this case from the evidence whether or not there was a conspiracy shown between the defendant and any one, or either one, or all of those alleged to have been associated with him, if you find any were associated with him, and whether or not there was an association to do the unlawful act alleged, persons aiding and abetting the act to be done, and, if you find there was a conspiracy, what the scope of the conspiracy comprehended, and who were the conspirators, and particularly whether this defendant was a participant in the alleged conspiracy. The existence or non-existence of a conspiracy, or common intent, may be established by proof of acts and conduct as well as by proof of express agreement. In other words, in order to make conspiracy it is not necessary to prove that there was an express agreement. If you are satisfied from proof of acts and conduct submitted to you, and from all the facts and circumstances submitted for your consideration, that there was a conspiracy, or common intent to do the act alleged in the bill of indictment, proof of those acts and conduct, facts and circumstances, if any have been proven, will be just as effectual to establish the existence of a conspiracy as proof of an express agreement. In other words, conspiracy may be shown by circumstantial evidence. That is what the State contends in this case, that it has shown it by circumstantial evidence. The court don't mean to intimate that is establish at all; that is your business to find out; but if you do determine that there was a conspiracy to do the act alleged in the bill of indictment, to wit, commit murder, the general rule is that when individuals associate themselves together to do an unlawful act or acts, any act done in pursuance of that association by any one of

these individuals is in legal contemplation the act of all. That is the general rule, now, gentlemen, and it is subject to this modification: If one member of an association, if you find there was any association of these parties, depart from the original design as agreed upon by all, and himself do an act which you find was not contemplated by those who entered into the common purpose, or was not in furtherance thereof, nor the natural or legitimate consequences of anything connected therewith, the person guilty of such act, even if it was itself unlawful, would alone be responsible therefor, and the other individuals of the association, if you find there was any such association, would not be responsible for such act. In other words, gentlemen, if you find that there was a conspiracy, and that the defendant participated in the common intent and purpose to do what was done, and if you find that beyond a reasonable doubt, and what was done is that which is alleged in the indictment, to wit, that of murder, taking human life, and then whatever was done by any other persons in the alleged conspiracy named in the indictment in pursuance of the common intent and purpose, if you find there was any such between them, or any of them, or all of them, would be just as binding upon this defendant as if he did the act himself; provided, of course, you must find beyond a reasonable doubt that some of his associates, alleged associates, some of the participants in the alleged conspiracy must be shown to your satisfaction beyond a reasonable doubt to have done the thing alleged in the bill of indictment, to wit, that of taking human life, committing murder." The above quoted charge was authorized by the evidence.

9. The court was requested to give the following instruction to the jury: "I charge you further, that if you believe from the rules of law that I have given you in charge that this arrest or attempted arrest was illegal, and I charge you that it was illegal if the arresting officer was without a warrant for the person or persons they were attempting to arrest, or a crime had been committed by them, in their presence, or the persons including this defendant had committed a crime and was endeavoring to escape, and that in making this arrest or attempted arrest this defendant together with the others there assembled resisted and in resisting shot and killed a member of the arresting posse, and in

this connection you must be satisfied to a reasonable and moral certainty and beyond a reasonable doubt that this defendant or some one of the others there assembled shot and killed the deceased, the one killing would not be guilty of murder, but the crime if any would be either voluntary manslaughter or justifiable homicide." The above request was confusing, and the court did not err in refusing to charge it.

10. So much of the requests stated in the 14th and 15th grounds of the motion for new trial as stated correct principles of law applicable to the case was covered by the general charge, and the refusal of such requests affords no cause for reversal.

· 11. The only evidence relied on to show a confession was the evidence as to statements of the accused set out in the second headnote. These were incriminatory in character, but not confessions. *Owens* v. *State,* 120 *Ga.* 296 (48 S. E. 21); *Lucas* v. *State,* 146 *Ga.* 315 (9) (91 S. E. 72). It was therefore erroneous to charge upon the subject of confessions. *Owens* v. *State,* supra; *Dumas* v. *State,* 63 *Ga.* 600 (5); *Suddeth* v. *State,* 112 *Ga.* 407 (37 S. E. 747).

*Judgment reversed. All the Justices concur.*