26794. HUBBARD *v.* THE STATE.

DECIDED APRIL 26, 1938.

*J. A. Mitchell*, for plaintiff in error.

*J. Cecil Davis, solicitor-general*, contra.

MACINTYRE, J. The defendant, Buck Hubbard, and V. A. Armor were indicted for the manufacturing of spirituous liquor in Taliaferro County. The sheriff of Taliaferro County testified: "I have been knowing Mr. Hubbard [the defendant] about a year before that [referring to the time that he says he saw him at the still in question]. I was in ten foot of him when he was toting that mash [to the still]. I was in a gully and he passed backwards and forwards in ten feet of me. I positively identify him as the man." The witness further testified that the mash "was fermented and ready to run." The sheriff of Wilkes County, who was also at the raid, while not being positive as to the identification of the defendant, said that the man was about "the same size as and similar to Hubbard. We caught Vernon Armor out there that day and he said it was Buck Hubbard." The defendant introduced his codefendant, Armor, who testified that the defendant was not present on the occasion, but that the other man who was present was a man by the name of Gordon Combs. The defendant denied his guilt and said that he was not present on this occasion. The jury found the defendant guilty. It thus appears that the jury resolved this issue of fact in favor of the State and against the defendant. The defendant, in his motion for new trial, in addition to the general grounds, relied on what he terms newly discovered evidence, and introduced the affidavits of three additional persons who undertook to swear that Gordon Combs told them that he, Gordon Combs, was the man at the still and not Hubbard. The defendant also introduced three other affidavits tending to support the alibi. It thus appears that the newly discovered evidence is not now available as a cause for a new trial, for it does not appear that the evidence itself is newly discovered, but merely appears that certain witnesses, by whom the facts could be proved, were unknown until after the trial. *Burgess* v. *State, 93 Ga.* 304 (20

S. E. 331). It should also be noted that the "newly discovered evidence that another person has admitted that he and certain others committed the offense, is no cause for a new trial, inasmuch as the admissions would not be competent evidence in behalf of the accused were a new trial ordered." *Briscoe* v. *State*, 95 *Ga.* 496 (22 S. E. 211); *Perry* v. *State*, 102 *Ga.* 365, 368 (30 S. E. 903). "A new trial will not be granted upon newly discovered evidence which is merely cumulative or impeaching; and especially should this rule not be relaxed when the newly discovered evidence is practically identical with testimony already adduced on the former trial, and there can be no reasonable probability that there will be a different result upon another trial." *Prator* v. *State*, 8 *Ga. App.* 436 (69 S. E. 496). See also *Tipton* v. *State*, 119 *Ga.* 304 (46 S. E. 336). In the instant case the evidence warranted the verdict, and there was no error in denying the motion for new trial.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*