JOHNSON *v.* THE STATE.

No. 12946. SEPTEMBER 14, 1939.

*William A. Ingram,* for plaintiff in error.

*Ellis G. Arnall, attorney-general, J. H. Paschall, solicitor-general, Duke Davis* and *C. E. Gregory Jr., assistant attorneys-general,* contra.

GRICE, Justice. B. F. Johnson was tried and found guilty of murder, with a recommendation. To his motion for new trial on the general grounds he filed an amendment containing two special grounds. The first of these complained of the court's exclusion of the evidence of Nellie Mae Watts, who testified as a witness for the defendant: "Robert Bailey said he killed a negro, and I asked him who it was, and he said, that is all right, I would find out before day in the morning; and I later found out, when I left. . . Robert would not say who he had killed . . I asked him who he killed." The movant insisted that the deceased was killed sometime near or just before the time Robert Bailey entered the room where he made his statement to the witness; that there was only one negro killed that night—the deceased for whose killing the defendant was tried, and that he was killed out in the yard. The other ground complained of the exclusion of testimony of Custis Sington, a witness for the defendant, that Gene Bailey, the father of Robert Bailey, left his car in which he had been sitting in front of the house at which the deceased was killed, to go to the front porch of the house, and as he was leaving the car he said that his son, Robert Bailey, was in a fuss with the defendant, and that he was going upon the porch to prevent any one from running over Robert Bailey; and that, as this witness testified, Robert Bailey and the defendant were on the porch fussing, and that Gene Bailey went to the porch; and the movant contended in this ground that the defendant had said in his statement that Gene Bailey, when he came upon the porch on this occasion, started after the defend-

ant and ran him away from the place, so that he was not there when the deceased was killed. The exact evidence which it is contended in this ground was excluded is not quoted, but the substance only was stated in the ground. A new trial was refused, and the defendant excepted.

■ The first special assignment of error complains that the court erred in excluding the evidence of Nellie Mae Watts, that Robert Bailey had come into the house with an open "switch-bladed" knife, a double-cola bottle, and a fire poker in his hand, and stated that he had killed a negro, but refused to state whom it was that he killed. There was no error in this ruling. On the trial of one indicted for murder, the declaration of another person that he alone committed the offense is not admissible in evidence in favor of the accused. *Lyon* v. *State,* 22 *Ga.* 399; *Daniel* v. *State,* 65 *Ga.* 199; *Kelly* v. *State,* 82 *Ga.* 441 (9 S. E. 171); *Briscoe* v. *State,* 95 *Ga.* 496 (22 S. E. 211); *Delk* v. *State,* 99 *Ga.* 667 (26 S. E. 752); *Lowry* v. *State,* 100 *Ga.* 574 (28 S. E. 419); *Robinson* v. *State,* 114 *Ga.* 445 (40 S. E. 253); *Beach* v. *State,* 138 *Ga.* 265 (75 S. E. 139); *Green* v. *State,* 153 *Ga.* 215 (111 S. E. 916); *West* v. *State,* 155 *Ga.* 482 (117 S. E. 380). The plaintiff in error relies on *Flanegan* v. *State,* 64 *Ga.* 52. It was there held that where a homicide was committed in the dark and in the midst of a crowd, and there was a question whether a wound in the back from which the death might have resulted was made by the prisoner or by another person a declaration made by a bystander immediately after the rencounter, to the effect that he (the bystander) cut the accused in the back, when the accused had no such cut in the back, but deceased had, was admissible for all purposes as a part of the res gestæ. We think that case clearly distinguishable from the one now before us. No witness placed Bailey, the declarant, at the scene of the stabbing. He was not a bystander, as in the *Flanegan* case. Whether his alleged declaration was before or after the rencounter is not shown, or, if after, how long after. The crime was committed in the yard. His conversation with Nellie Mae Watts took place in a house. He did not name the person he said he had killed. Evidence of such a declaration by a third person, under these circumstances, is not admissible as a part of the res gestæ.

■■ The second special ground is likewise without merit. The

court properly refused to allow a witness for the defendant to testify that Gene Bailey, the father of Robert Bailey, left his car in which he had been sitting, saying at the time that he was going upon the porch to prevent any one from running over Robert Bailey. The defendant had said in his statement that Gene Bailey, when he came upon the porch on this occasion, started after the defendant and ran him away from the place, so that he was not there when the deceased was killed.

■ The evidence authorized the verdict. The judgment refusing a new trial is *Affirmed. All the Justices concur.*