## 22166.   COBB v. THE STATE.

ARGUED SEPTEMBER 10, 1963—DECIDED OCTOBER 10, 1963— REHEARING DENIED NOVEMBER 7, 1963.

Donald L. Hollowell, Horace T. Ward, Howard Moore, Jr., for plaintiff in error.

George D. Lawrence, Solicitor General, Eugene Cook, Attorney General, G. Hughel Harrison, Assistant Attorney General, LeRoy C. Hobbs, contra.

MOBLEY, Justice. █ (a) The defendant offered as newly discovered evidence an affidavit of one Willie Jackson, dated April 2, 1963, who stated that on September 18, 1962, he was driving a truck which was involved in a collision with an automobile driven by Thomas Coleman Dumas, the son of Frank Coleman Dumas, the deceased; that Dumas was knocked out of his automobile and while he (Dumas) was lying on the ground he (Jackson) heard him say, "G'd d'm it, G'd d'm it, I killed my Daddy, now I've gone and killed myself"; that at the time he appeared badly injured and in fear of dying. The statement was properly excluded from evidence by the trial judge. This court in *Bryant v. State*, 197 Ga. 641, 656 (30 SE2d 259), held: "It is a well-settled principle of law in this State that statements made by another person to the effect that he, and not the accused, was the actual perpetrator of the offense, are not admissible in favor of the accused upon his trial. This principle has been applied where it was sought to introduce the confession of one who was not accused of having any connection with the crime. *Moughon v. State*, 57 Ga. 102 (3); *Daniel v. State*, 65 Ga. 199; *Lowry v. State*, 100 Ga. 574 (28 SE 419); *Beach v. State*, 138 Ga. 265 (2) (75 SE 139); *West v. State*, 155 Ga. 482 (117 SE 380); *Johnson v. State*, 188 Ga. 662 (4 SE2d 813). The same principle has been applied to the admission of confessions by one who was jointly indicted with the accused. *Lyon v. State*, 22 Ga. 399; *Kelly v. State*, 82 Ga. 441 (2) (9 SE 171); *Robison v. State*, 114 Ga. 445 (2) (40 SE 253); *Whitaker v. State*, 159 Ga. 787 (127 SE 106); *Parks v. State*, 24 Ga. App. 243 (100 SE 724). The same rule has been followed where it was sought to procure a new trial on the ground of newly discovered evidence that another had confessed to the crime. *Briscoe v. State*, 95 Ga. 496

(20 SE 211); *Hubbard v. State,* 57 Ga. App. 856 (2) (197 SE 64). And also, where there was a motion to continue on account of the absence of a witness who would testify that one jointly indicted with the accused had confessed. *Delk v. State,* 99 Ga. 667 (3) (26 SE 752)." The fact that the person who is alleged to have made the statement is since deceased does not render the declaration admissible. *Green v. State,* 153 Ga. 215 (2) (111 SE 916). This court in a unanimous opinion in *Bryant v. State,* 197 Ga. 641, 657, supra, refused to overrule the foregoing ruling stating: "This court declines to do so [overrule], as we consider this ruling sound, and in accordance with the overwhelming weight of authority on this subject. 20 Am. Jur. 428, § 495; 35 ALR 441; 48 ALR 348; 37 LRA (NS) 345; 16 CJ 643, § 1278; AC 1913E, 722."

Further, the requirements of *Code* § 70-205 that "When a motion for new trial is made on the ground of newly-discovered evidence, it must appear by affidavit of the movant and each of his counsel that they did not know of the existence of such evidence before the trial, and that the same could not have been discovered by the exercise of ordinary diligence," were not met for there is no such affidavit from the defendant or his trial attorney, Ben Warren.

There is no merit in defendant's contention that the requirement of *Code* § 70-205 that defendant and each of his counsel must not know of the existence of the evidence before the trial should not apply to him because of fear that harm might result to him and his family. See *Harris v. Roan,* 119 Ga. 379 (4) (46 SE 433), where this court said: "The existence of excitement in the public mind, resulting from the commission of the crime, producing fear in the mind of the accused, so as to deter him from furnishing his counsel with information necessary to prepare his defense, even if in any case a sufficient reason to grant a new trial on extraordinary motion, will not be when the time elapsing between the verdict and the final order on the ordinary motion is such that the apprehensions in the mind of the accused must have abated." See also *O'Neil v. State,* 104 Ga. 538 (1) (30 SE 843); *Harper v. State,* 131 Ga. 771, 780 (63 SE 339), and cases cited. The record shows that 107 days elapsed between the jury's

verdict and the judgment overruling defendant's ordinary motion for new trial. Defendant is chargeable with legal diligence, of which it was said in *Young v. State,* 56 Ga. 403, 404 (2), "A part of the evidence called newly discovered is not so; the prisoner knew of it, and should have informed his counsel. We observe from the record that, though a colored person, and but fifteen years old, he had been to school and could write his name. He had intelligence enough to be chargeable with legal diligence in preparing for his defense." Preston Cobb was 15 years of age at the time Dumas was killed. He had finished the eighth grade in school and had made passing grades. He wrote a letter on December 5, 1962, which demonstrates that he was able to write with clarity of expression. No valid excuse is offered for the defendant's failure to disclose his alleged knowledge, revealed by his affidavit made after the ordinary motion for new trial was overruled, that Thomas Coleman Dumas killed his father.

(b)  The statement was not admissible as a dying declaration. "Declarations by any person in the article of death, who is conscious of his condition, as to the cause of his death and the person who killed him, shall be admissible in evidence in a prosecution for the homicide." *Code* § 38-307. Also see Donnelly v. United States, 228 U.S. 243 (33 SC 449, 57 LE 820). Likewise, the statement is not admissible as part of the res gestae. See *Augusta & Summerville R. Co. v. Randall,* 79 Ga. 304 (3) (4 SE 674).

(c)  For the reasons set out in 1(a) and 1(b), above, the court properly sustained the State's objections 6 (a) and (b) to defendant's exhibit M8.

■  The ballistics report on the bullet which killed the deceased, offered as newly discovered evidence, was of no probative value as the result of the examination of the bullet was negative, the report being that because of the condition of the bullet "no definite conclusion can be made as to the type of fatal bullet in this case." As between the rifle and a Colt pistol examined, the report was that "in a choice between the two guns, there is considerable probability that the Colt fired the fatal shot." The indictment alleged that the weapon used was a certain "rifle and gun." On the trial, the State established that a rifle taken from the deceased's station wagon was the weapon used by the de-

fendant. The defendant in his statement stated that he shot Mr. Dumas with a "pistol." "The evidence being conflicting as to the weapon used, the jury could believe the prosecutor in preference to the witness for defendants." *Trowbridge v. State,* 74 Ga. 431 (4). "It is not indispensable to prove the precise weapon set forth in the indictment. It is sufficient if both were weapons likely to produce death, and were capable of inflicting the same character of injury." Id. (4a). To the same effect, see *Brawner v. State,* 81 Ga. App. 163, 166 (58 SE2d 238), and citations. A pistol is a gun. *Hill v. State,* 147 Ga. 650 (1) (95 SE 213) ; see also, *Norwood v. State,* 28 Ga. App. 238 (1) (111 SE 59) ; *Muse v. Interstate Life &c. Co.,* 45 Ga. App. 839, 840 (166 SE 219).

■ (a) We have carefully examined the exceptions to the order of the trial court overruling 25 objections of defendant to portions of affidavits offered by the State and find them without merit.

(b) The court properly sustained the State's objections 16 (d) and (f) to the affidavit of D. L. Hollowell designated M16, which excluded Hollowell's statement that Willie Jackson told him that he heard Thomas Coleman Dumas say that he killed his father. See Division 1 of this opinion.

(c) It was not error to sustain the State's objection 18 (e) as the evidence objected to was not relevant and was of no probative value.

■ The defendant's exception to the overruling of his extraordinary motion for new trial is without merit. The court in overruling the motion stated: "Giving consideration to the evidence adduced by movant, including his evidence which has been stricken, I find that the State, by its counter showing, has fully rebutted movant's evidence and the contentions made in his extraordinary motion, as amended." The material evidence which was stricken by the court was the statement of Willie Jackson in his affidavit dated April 2, 1963, that he heard the son of the deceased make the statement that he killed his father. In an affidavit dated April 25, 1963, Willie Jackson repudiated his former statement, stating that it was false, and that he had never heard Thomas Coleman Dumas make the statement that he had killed his father. On April 27, 1963, in answer to questions pro-

pounded to him by his attorney, D. L. Hollowell, Willie Jackson stated in answer to the question, "Mr. Jackson, why did you change your statement?" that, "I don't have anything to say about it." He did not repudiate the statement made in his affidavit of April 25, 1963, that he never heard Mr. Dumas make the statement that he killed his father. On April 30, 1963, Willie Jackson made another affidavit stating that the statements that he did not hear Thomas Coleman Dumas say he killed his father made in his affidavit of April 25, 1963, were true and that anything to the contrary in his affidavit of April 2, 1963, and the answers sworn to on April 27, 1963, is untrue. He reaffirmed that he was confused when he made those statements and was misled into making them.

From the foregoing it is apparent that Willie Jackson was impeached, that his statement that Thomas Coleman Dumas said he killed his father had no probative value, and that the trial judge was fully supported in his finding that the State had successfully rebutted movant's evidence.

Furthermore, the State introduced ample evidence to establish that Thomas Coleman Dumas was at his home at the time his father was killed and the trial court would have been authorized to find from this evidence alone that he did not kill his father.

Motions for new trial based upon newly discovered evidence are not favored by the law, *Berry v. State,* 10 Ga. 511, and extraordinary motions upon this ground are less favored. *Perry v. State,* 117 Ga. 719 (45 SE 77). "Where an extraordinary motion for new trial is made upon the ground of newly discovered evidence and by a counter showing the evidence in support of the motion is contradicted, it is no abuse of discretion to deny the motion. *Morris v. State,* 177 Ga. 365 (170 SE 217); *McMullen v. State,* 200 Ga. 812 (38 SE2d 424) . . . Unless it is reasonably apparent from the record that the alleged newly discovered evidence will likely produce a different verdict upon another trial, a motion for new trial based upon that ground should not be granted. *Young v. State,* 56 Ga. 403; *Burge v. State,* 133 Ga. 431 (66 SE 243); *Brown v. State,* supra [141 Ga. 783, 786, 82 SE 238]; *Pulliam v. State,* 199 Ga. 709 (35 SE2d 250)." *Parks v. State,* 204 Ga. 41, 45 (48 SE2d 837).

Where, as in this case, the defendant has been convicted, a new trial denied him, and that judgment has been affirmed by this court, see *Cobb v. State*, 218 Ga. 10, supra, an extraordinary motion for new trial on the ground of newly discovered evidence is addressed to the sound discretion of the trial judge and a refusal to grant the motion will not be reversed unless his discretion is abused. *Patterson v. State*, 208 Ga. 689 (1) (69 SE2d 84), and cases cited. Clearly the trial judge did not abuse his discretion in denying the extraordinary motion for new trial in this case.

*Judgment affirmed. All the Justices concur.*