## 23822. FULFORD v. THE STATE.

MOBLEY, Justice. The appellant, John C. Fulford, was convicted in Fulton Superior Court of robbery by use of an offensive weapon and sentenced to 10 years in prison. His motion for new trial was denied by the trial court and on appeal to this court was affirmed. *Fulford v. State*, 221 Ga. 257 (144 SE2d 370). He thereafter mailed to the trial judge an extraordinary motion to vacate and set aside the judgment and sentence on the ground of newly discovered evidence and attached to his motion an affidavit of a fellow prisoner, who was serving a sentence for robbery in which he stated that he committed the robbery for which appellant was serving and that appellant did not participate therein. The trial court entered an order refusing to issue a rule nisi to show cause why the motion should not be granted, reciting therein that after investigation of the credibility of the affiant he reached the opinion that said affiant is not worthy of belief. The court ordered that the motion and his order thereon be filed with the clerk of the superior court and a copy mailed to appellant. Thereafter, on request of the appellant, the court ap-

pointed counsel to represent him in appealing his case to this court, who filed this appeal for him. *Held:*

The motion is in reality an extraordinary motion for new trial based on newly discovered evidence. *Code* § 70-303; *Cox v. Hillyer,* 65 Ga. 57; *King v. State,* 174 Ga. 432 (1) (163 SE 168). The trial judge, in passing upon the motion, is vested with wide discretion, and his judgment thereon will not be disturbed unless an abuse of discretion is clear. *Fields v. State,* 212 Ga. 652 (94 SE2d 694); *Loughridge v. State,* 202 Ga. 129, 130 (42 SE2d 473).

"When an extraordinary motion for new trial is entirely without merit, it is proper for the judge to decline to entertain the same and to refuse to grant a rule nisi thereon." *Harris v. Roan,* 119 Ga. 379 (5) (46 SE 433); *Cox v. State,* 19 Ga. App. 283 (2) (91 SE 422); *Loomis v. Edwards,* 80 Ga. App. 396 (56 SE2d 183). Where, as here, the sole ground for the extraordinary motion for new trial is the statement of another prisoner that he committed the crime for which the appellant was convicted and that appellant did not participate therein, the motion is entirely without merit, for if a new trial were granted, the confession of the third party would not be admissible evidence. See *Bryant v. State,* 197 Ga. 641, 656 (30 SE2d 259) where this court held: "It is a well settled principle of law in this state that statements made by another person to the effect that he, and not the accused, was the actual perpetrator of the offense, are not admissible in favor of the accused upon his trial. This principle has been applied where it was sought to introduce the confession of one who was not accused of having any connection with the crime. *Moughon v. State,* 57 Ga. 102 (3); *Daniel v. State,* 65 Ga. 199; *Lowry v. State,* 100 Ga. 574 (28 SE 419); *Beach v. State,* 138 Ga. 265 (2) (75 SE 139); *West v. State,* 155 Ga. 482 (117 SE 380); *Johnson v. State,* 188 Ga. 662 (4 SE2d 813)." This court in *Bryant v. State,* supra, at p. 657, refused to overrule the foregoing ruling saying: "This court declines to do so [overrule], as we consider this ruling sound, and in accordance with the overwhelming weight of authority on this subject. 20 AmJur 428, § 495; 35 ALR 441; 48 ALR 348; 37 LRA (NS) 345; 16 CJ 643, § 1278; AC 1913E, 722." See *Cobb v. State,* 219 Ga. 388 (133 SE2d 596). Also in this connection see *Briscoe v. State,* 95 Ga. 496 (20 SE 211) where this court held: "Newly discovered evidence that another per-

son has admitted that he and certain others committed the offense, is no cause for a new trial, inasmuch as the admissions would not be competent evidence in behalf of the accused were a new trial ordered. *Kelly v. State,* 82 Ga. 441, and cases cited. The evidence warranted the verdict, and there was no error in denying a new trial."

Accordingly, the court did not err in refusing to entertain the motion and to issue a rule nisi thereon.

*Judgment affirmed. All the Justices concur.*

SUBMITTED DECEMBER 14, 1966—DECIDED JANUARY 5, 1967.

John C. Fulford, *pro se, William T. Brooks,* for appellant.

*Lewis R. Slaton, Solicitor General, J. Walter LeCraw, Amber W. Anderson, Arthur K. Bolton, Attorney General, G. Ernest Tidwell, Executive Assistant Attorney General, John A. Sligh, Jr.,* for appellee.