### 6551. WALKER *v.* THE STATE.

WADE, J. 1. Where the accused, upon the advice of his counsel, failed to make a statement to the jury in his own behalf, and there is nothing in the record to indicate that he was denied that privilege by the presiding judge, the fact that he did not make a statement can not avail him as a ground of a motion for a new trial.

2. One of the grounds of the motion for a new trial is that the defendant "was not ready for trial and did not have his witnesses present; nor did he have the counsel in said case that defendant wanted." It does not appear that he made a motion for a continuance or postponement; and it is now immaterial whether he had good grounds for such a motion, since he is concluded by his failure to present them at the trial.

(a) While it is true that the constitution of Georgia (article 1, section 1, paragraph 5) guarantees to every person charged with an offense against the laws of this State "the privilege and benefit of counsel," it does not guarantee him counsel of his choice. The obtaining of such counsel is a matter for contract between himself and the attorney he desires;

and where he neglects or is unable to make such a contract, he must content himself with such counsel as the court may provide for him.

3. The ground of the motion for a new trial based upon alleged newly discovered evidence can not be considered, since the code provides that "it must appear by affidavit of the movant and each of his counsel that they did not know of the existence of such evidence before the trial, and that the same could not have been discovered by the exercise of ordinary diligence" (Civil Code, § 6086); and no such affidavits are attached to the motion in this case.

(a) It appearing that the alleged newly discovered evidence, from the very nature of things, must have been known to the accused before his trial was ended, it can not now be treated as newly discovered.

4. The contention made in the 4th ground of the amendment to the motion for a new trial is, in substance, that because his codefendant, Stewart, was acquitted, the plaintiff in error should be granted a new trial. So far as the record in this case discloses, the Stewart case and this case are two separate and distinct cases, and the disposition of the former can not in any manner influence the case now before us for determination.

5. The evidence authorized the verdict, and the trial judge did not err in overruling the motion for a new trial.          *Judgment affirmed.*

DECIDED OCTOBER 29, 1915.

Indictment for burglary; from Fulton superior court—Judge B. H. Hill. May 22, 1915.

*Thomas E. Scott, C. C. Hornbuckle,* for plaintiff in error.
*Hugh M. Dorsey, solicitor-general, E. A. Stephens,* contra.