FORD *v.* THE STATE OF OHIO.

(Decided April 16, 1929.)

*Mr. John Egan, Mr. Charles Brennan, Mr. Edward M. Ballard* and *Mr. John A. Scanlon,* for plaintiff in error.

*Mr. Nelson Schwab,* prosecuting attorney, *Mr. Dudley M. Outcalt* and *Mr. John H. Clippinger,* for defendant in error.

BY THE COURT. Rodney Ford was charged

jointly with other parties, in an indictment containing several counts, with having on or about April 8, 1928, murdered Peter Dumele.

At the trial in the court of common pleas Ford was convicted of murder in the first degree, without a recommendation of mercy, and this action is prosecuted to reverse that judgment.

It is claimed that the trial court erred in that it deprived Rodney Ford of his constitutional right to employ counsel of his own selection.

The indictment was returned November 14, 1928.

November 15, 1928, defendant entered a plea of "Not Guilty." On the same day the court set the case for trial at 10 o'clock a. m., December 12, 1928, and prospective jurors were summoned to appear on that day. The defendant prior to that time employed Charles H. Elston as counsel of his own choice. Defendant and counsel appeared in court on the day set for the impaneling of the jury, and requested an official shorthand reporter, which request was granted. Jurors were examined on *voir dire*. The examination of prospective jurors was conducted on the 13th and 14th of December, 1928.

On December 14, 1928, counsel employed by the defendant Ford requested that he be released as counsel for Ford. The court granted the request, and continued the case until December 17, 1928.

After Elston, counsel for the defendant, withdrew on Friday, December 14, the court inquired of the defendant whether he had means to employ counsel, and he replied that he had, but he wanted John Egan, of Dayton, Ohio, to defend him. The court had Mr. Egan called on the telephone, and he came to Cincinnati that afternoon. Egan refused to

accept the employment by Ford unless the case was continued until January 2, 1929. At that time Egan did not accept the employment by Ford, nor ask the court for a reasonable time within which to prepare for trial, but stated as a condition precedent to accepting the employment that the court grant a continuance to a date fixed by him. The question of employment of counsel by Ford was one of contract between him and Egan. The situation would have been different had Egan accepted the employment and then asked the court for a reasonable time in which to prepare for a trial of the case.

On December 17, 1928, the date to which the case had been continued, Egan did not appear, and the court appointed Edward M. Ballard and John Scanlon to defend the accused. On the same day, the defendant stated to the court that he desired to employ Carl Heindle, of Dayton, Ohio, as counsel.

The examination of prospective jurors progressed. On the 17th of December, the court ordered the clerk to draw from the jury wheel the names of 50 persons to appear in room No. 2, court of common pleas of Hamilton county, Ohio, on the 19th day of December, 1928, at 10 o'clock, a. m., and the cause was continued until December 19, 1928. On that day the parties appeared, and the defendant, Rodney Ford, moved the court for a change of venue, and filed affidavits. The case was again continued until December 20, 1928.

Counsel for the defendant also moved the court for a continuance until January 2, 1929, which motion was overruled.

On December 21, 1928, the cause progressed and prospective jurors were examined. The cause was

then continued until December 26, 1928, at 10 o'clock, a. m.

On the question of defendant being deprived of his constitutional right to employ counsel it has been held: "While it is true that the Constitution of Georgia (Article 1, Sec. 1, par. 5) guarantees to every person charged with an offense against the laws of this state 'the privilege and benefit of counsel,' it does not guarantee him counsel of his choice. The obtaining of such counsel is a matter of contract between himself and the attorney he desires; and, where he neglects or is unable to make such a contract, he must content himself with such counsel as the court may provide for him." *Walker* v. *State,* 17 Ga. App., 321, 86 S. E., 735. See, also, *Delk* v. *State,* 99 Ga., 667, 26 S. E., 752.

The defendant was not deprived of his right to employ counsel, but the judge, without any duty devolving upon him, undertook to assist him to procure counsel of his own choice.

Counsel had a perfect right to make any contract with the defendant that he desired, but the attorney had no legal or ethical right to demand of the court the condition stated by him before he would accept the employment. After the appointment of counsel, the court stated to the accused that the appointment of counsel did not deprive him from having counsel of his own choice.

Ford was arrested October 5, 1928. He employed Elston, and after Elston's withdrawal, and the judge's efforts to assist him in procuring counsel of his choice, and the refusal of that counsel to accept the employment, it seems to us that he was given

every opportunity to protect himself in the employment of counsel.

It is argued that the court abused its discretion in overruling the motion for a change of venue. One of the grounds stated in the authorities for which a change of venue should be granted is the impossibility of obtaining an impartial jury. An examination of the testimony of the jurors on their *voir dire* clearly reveals that the jurors were fair and impartial, and, so far as they were concerned, there was no public sentiment or other influence that disqualified them from acting as jurors.

Moreover, the main, and, in fact, the only real, issue in the case was whether or not the plaintiff in error was identified beyond a reasonable doubt as being present and participating in the robbery and killing. In other words, it was a question of identification. The jury must, of necessity, have determined this issue against the plaintiff in error, and we think rightly so. There was ample direct evidence of identification, upon which the jury could have so found.

Many specifications of error are claimed, but, in view of the real issue in the case, we do not find them to be of a prejudicial character.

The judgment is affirmed.

*Judgment affirmed.*

CUSHING, P. J., ROSS and HAMILTON, JJ., concur.