30417. McGHEE *v.* THE STATE.

DECIDED 'APRIL 27, 1944.

*J. L. Davis,* for plaintiff in error.
*William A. Ingram, solicitor,* contra.

MacINTYRE, J. The defendant, on December 18, 1943, began serving an 8-months' sentence on probation. He was arrested for violating said sentence on December 27, 1943, and after a hearing on December 28, 1943, his probation was revoked, and he excepted to the judgment revoking the probation. When the case was called for trial, the court inquired of the defendant if he was ready for trial, and if he was represented by counsel. He informed the court that he was represented by Judge Claude C. Pittman. Judge Pittman, on arriving in the courtroom, stated that the defendant had not made the "necessary arrangements" with him, and that he could not represent him. It does not appear in the record that the reason that Judge Pittman did not make "arrangements with the defendant," was because the defendant was not financially able to employ him. It might have been that the defendant was amply able to employ counsel, but that he and counsel could not agree on the amount of the fee, or that although he had sufficient property to secure counsel by a proper lien, he did not choose so to do, or that even if he had sufficient property to employ counsel, yet, for other reasons he did not choose so to do. The court expressly asked the

defendant if he was represented by counsel and he, in effect, replied that he had employed Judge Pittman. Thereafter nothing occurred which would indicate in any way to the court that the defendant was financially unable to employ counsel. Nor is there anything in the record to show that the defendant was, in fact, not able to employ counsel. Indeed, so far as the record discloses, there is no express contention that the defendant was, in fact, unable to employ counsel. After the statement by Judge Pittman that the defendant had not contracted with him, the court then asked the defendant if he was ready to proceed and explained to him that if he had additional witnesses, or wished to make further preparation, the court would be glad to continue the case for him to any time not later than December 31, 1943, the last day the court would be in existence under the act of the General Assembly abolishing the court. The defendant then stated that he had one witness in court, but did not know what other witnesses, if any, he could get. During the preliminary discussion, the court, in order to acquaint the defendant with the exact charges against him, called the State's chief witness, Jim Priest, who stated that he had bought two drinks of intoxicating liquor from the defendant at his home on a named date. This, if proved, was a violation of the probation sentence of the defendant. The defendant, upon being made acquainted with the charge, stated that Priest did not come to his house, but he did not know whether any of his neighbors saw him go to another house in the neighborhood, and did not know of any other witnesses that he could produce that were not in court. The defendant made no request for appointment of counsel, and no request for a continuance. Yet he then stated *that he would proceed with the hearing.* Thereupon, the hearing proceeded and the only issue raised on the hearing by the evidence and the defendant's statement, was whether or not the defendant had sold the witness Priest two drinks of the intoxicating liquor in question. The court decided this issue adversely to the defendant and entered the following order: "The above and foregoing matter coming on to be heard, and after hearing evidence for the defense and the State, it appearing that the defendant violated said probation sentence, as charged by selling whiskey on December 27, 1943, said probation is hereby revoked and the defendant ordered to serve said sentence as provided therein. This December 28, 1943. E. S. Ault, J. C.

C. C." The plaintiff in error is seeking a new hearing solely upon the ground "that the above procedure was, in effect, a denial of right of counsel to the plaintiff in error."

The constitution of the State, Code, § 2-105, provides: "Every person charged with an offense against the laws of this State shall have the . . benefit of counsel." "Our courts have uniformly adopted the practice of assigning counsel to represent indigent criminals in all cases when they were unable to employ counsel to represent them." *Delk* v. *State*, 99 *Ga.* 667, 670 (26 S. E. 752). "The constitutional guaranty that 'every person charged with an offense against the law shall have the privilege and benefit of counsel,' should be strictly guarded and preserved. So deeply grafted in our practice has this great right become that none are so low or so poor but that they may rely upon it. *If it be so that they are unable to retain counsel, the courts will appoint counsel for them,* without charge to the defendant. The same duties and responsibilities rest upon counsel thus appointed as if they received the fullest pecuniary compensation." *Martin* v. *State*, 51 *Ga.* 567, 568. (Italics ours.) Applying the above rule of law to the facts in the instant case, the defendant was not denied his constitutional "privilege and benefit of counsel."

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*